416 So.2d 584 (1982)
Henry F. KIRKLEY
v.
DSI TRANSPORTS, INC. et al.
No. 14885.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Rehearing Denied July 22, 1982.
*585 Walton J. Barnes, Baton Rouge, for plaintiff-appellee Henry F. Kirkley.
Charles A. O'Brien, III, Baton Rouge, for defendant-appellant DSI Transports, Inc. and Texas General Indem. Co.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
LOTTINGER, Judge.
This is a workmen's compensation suit. Plaintiff, Henry F. Kirkley, filed suit against his employer, DSI Transports, Inc., and his employer's workmen's compensation insurer, Texas General Indemnity Company, seeking benefits for total and permanent disability, together with statutory penalties and attorney's fees. From a judgment finding plaintiff totally and permanently disabled, and assessing statutory penalties and attorney's fees, defendants have appealed.

FACTS
The suit arose when plaintiff, a truck driver, sustained an injury to his left leg as the result of an accident on October 27, 1977. On that date, while in the course and scope of his employment with DSI, plaintiff rode in the sleeper berth of a eighteen-wheeled truck owned by DSI and driven by a fellow employee. The truck was involved in an accident on Interstate Highway 55, near Maryville, Illinois, and plaintiff was thrown about in the sleeper berth, causing him injury. Plaintiff sustained an open comminuted fracture of the left distal tibia and fibula involving the ankle joint, as well as several contusions and minor lacerations.
*586 Plaintiff was hospitalized in a Maryville hospital from October 27 until November 2, 1977, at which time he was transferred to Doctor's Memorial Hospital in Baton Rouge. Plaintiff stayed at Doctor's Memorial some six days. During his hospital stays, plaintiff was put into traction and a cast, and a pin was inserted into the fracture through the heel bone.
During his stay at Doctor's Memorial and subsequent to his discharge, plaintiff was treated by Dr. H. K. Plauche', an orthopedic specialist. Dr. Plauche' saw plaintiff several times on a follow-up basis after plaintiff left the hospital. Dr. Plauche' stated that plaintiff complained of pain in his ankle during the follow-up visits, that plaintiff has sustained a 30 percent physical impairment and loss of physical function in the lower left leg as a result of the fractures near the ankle, and that plaintiff exhibited early signs of arthritis forming in the ankle, which he speculated would worsen with the passage of time.
Plaintiff was paid workmen's compensation for 77 weeks, commencing October 27, 1977, at the rate of $130.00 per week. Disability benefits were terminated on April 10, 1979, when plaintiff returned to work at DSI as a truck driver. Plaintiff has worked steadily at DSI as a driver through the time of trial.

TRIAL COURT
The trial court held that plaintiff proved he worked in substantial pain, and that plaintiff had made out a prima facie case that because of the plaintiff's age (57 at the time of trial), education, training, experience, and disability, a reasonable job market did not exist for plaintiff's services. After determining that no evidence was in the record to show that some form of suitable work was available to plaintiff, the trial court found plaintiff totally and permanently disabled. The trial judge further found that the termination of plaintiff's benefits by defendants was arbitrary and capricious, inasmuch as defendants knew from a March 28, 1980, report of Dr. Plauche' that plaintiff was disabled and that his arthritic condition was likely to worsen with time. Statutory penalties were awarded, as well as attorney's fees of $3000.00.

SPECIFICATIONS OF ERROR
Defendants-appellants contend the trial judge was in error:
1. in its application of the substantial pain and "odd lot" doctrines and in finding plaintiff to be totally and permanently disabled under those doctrines;
2. in assessing penalties and attorneys fees against defendants; and
3. in awarding plaintiff attorney's fees in excess of those prayed for in his petition.

I
La.R.S. 23:1221 states in part that an employee is totally disabled when he cannot "... engage in any gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience...." Thus, a totally disabled person is one who cannot engage in any gainful occupation for wages.
However, the Supreme Court has held that an employee need not be utterly helpless in order that he be adjudged totally and permanently disabled. In Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La. 1980), the Supreme Court adopted the "odd-lot" doctrine of permanent total disability. In Oster, the court formulated the following test:
"In order to determine whether the plaintiff fits within this category of odd lot workers, he must show that because of his physical impairment, mental capacity, education, training, age, availability of employment in his area, and any other relevant factor, that he `cannot perform the substantial and material parts of some gainful work or occupation with reasonable continuity.' If the plaintiff is *587 successful in showing a combination of factors indicating that the services which he is able to render are so limited in quality, quantity, or dependability that a market for his labor does not exist within which he can effectively compete, he has presented a prima facie case for classification in the odd lot category. An offering of such proof by the plaintiff, therefore, satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The defendant employer then has the onus of showing that there are jobs which are available to provide a steady income to the plaintiff or that will provide him with `a gainful occupation.' It is fairer to place the burden on the defendant to show that there are steady jobs available to the plaintiff, after plaintiff has shown his odd-lot status, than to require the plaintiff to prove the universal negative of not being employable at any occupation." (Citations omitted.) 390 So.2d at 1323-1324.
The Supreme Court in Lattin v. Hica Corporation, 395 So.2d 690 (La.1981), subsequently stated that "substantial pain" claims of total permanent disability should also be determined within the larger framework of the "odd-lot" doctrine. The court stated:
"The odd lot doctrine is also applicable to substantial pain cases because a worker who, due to his injury, can function only with substantial pain or with the help of fellow workers may not be considered a particularly desirable employee. Thus, if a claimant's pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he can be treated as an odd lot worker and be awarded total disability, unless there is proof that jobs are realistically available to him." 395 So.2d 693-694.
In the instant case, plaintiff claimed total and permanent disability, alleging that he can work only in substantial pain. The trial court found that plaintiff had proven his substantial pain, and held that plaintiff had proven "odd-lot" status, in that he proved no reasonable job market existed for his services. Both findings are factual, and should not be reversed unless a review of the entire record reveals that they are clearly wrong. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979); Cadiere v. West Gibson Products Company, Inc. 364 So.2d 998 (La.1978).
A review of the record supports the trial court's conclusion that plaintiff works in substantial pain. At trial, it was undisputed that plaintiff returned to his former occupation as a truck driver with DSI on April 10, 1979. Plaintiff worked steadily since that time, and at the time of trial earned more than he did at the time of the accident. Nonetheless, a preponderance of the evidence is to the effect that plaintiff's resumption of his duties causes much pain in his left ankle. Plaintiff testified that his ankle hurts every day, with some days being worse than others. In driving an eighteen-wheeled truck, plaintiff must use the injured left leg to depress the clutch pedal when changing gears. The truck plaintiff drives has ten such gears, and must be "double-clutched" when the gears are shifted. Thus, plaintiff must depress the clutch pedal twenty times each time the truck is halted and started again. Plaintiff further testified that his ankle pain is aggravated under certain weather conditions and when he traverses rough terrain. Certain tasks incidental to the truck driver's job, such as climbing atop the cab or tanker, attaching large heavy hoses, and lifting certain items are difficult for plaintiff to accomplish and cause him pain.
Plaintiff's complaints of pain were substantially corroborated by Dr. Plauche', who had urged plaintiff to return to work on a truck with an automatic transmission rather than a manual transmission. It was Dr. Plauche's concern that a manual transmission would create problems for plaintiff. Plaintiff's complaints of pain were further corroborated by testimony of his wife, who testified that plaintiff's left ankle was swollen and tender when he came home from working. Plaintiff's driving partner, John *588 Wood, verified that plaintiff suffers pain while driving the truck, and stated that he must perform the incidental tasks himself for the most part, since plaintiff's injuries create difficulty in climbing and lifting.
In light of this evidence, the trial court's conclusion that plaintiff was working as a truck driver in substantial pain is not clearly wrong.
However, such showing does not automatically create total and permanent disability under the "odd-lot" doctrine. Under Oster and Lattin, supra, a claimant proves total and permanent disability by showing that his impairment and pain, along with other Oster factors, limits appreciably the types of work available to him and greatly diminishes his ability to compete in the job market. Only then has the claimant who works in substantial pain made a prima facie case as an "odd-lot" worker, which shifts the burden of proof to the employer to show that there are jobs available to provide a steady income to the injured employee.
We hold that plaintiff did not meet his burden of proving his odd-lot status. Although he did prove that his current occupation is performed only in substantial pain, he did not show that due to his age, education and training, and the availability of employment in his area, that there is no reasonable job market in which he can effectively compete.
The only evidence in the record in this regard is that plaintiff was 57 years old at the time of trial and has only a high school education. Plaintiff also testified that he has always worked as a truck driver, except for two brief periods in which he ran a service station and did maintenance work at a naval laundry. This showing alone does not suffice to prove "odd-lot" status, because this particular offering of Oster factors does not sufficiently indicate that plaintiff's services are so limited in quality, quantity, or dependability that there is no reasonable job market in which plaintiff can compete. The paltry amount of evidence in this vein introduced into the record does not even sufficiently demonstrate that the two other types of employment which plaintiff has actually undertaken in the past are not now available, or could only be accomplished in substantial pain.
Our holding is bolstered by the fact that plaintiff's co-worker and supervisor testified that plaintiff's infirmities and pain have not created any substantial problems in his present employment. John Wood testified that he did not mind assuming the incidental tasks without plaintiff's help, because he liked working with plaintiff and wished to help him. The supervisor, Thomas Green, testified that there have been no complaints about plaintiff's job performance and that he considered plaintiff to be a good driver. Although it is generally true that the law does not require a person to work in substantial pain, under Lattin, supra, a claimant in substantial pain must prove "odd-lot" status by showing that his pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market. The plaintiff has not proven that his pain or infirmities render him an undesirable employee either in his present job or in other occupations.
For the above reasons, the trial court erred in holding plaintiff totally and permanently disabled. However, although plaintiff failed to show he is an "odd-lot" worker, he did prove that his former (and present) occupation is accomplished in substantial pain. For this reason, we hold that plaintiff is partially disabled, under La.R.S. 23:1221(3). Plaintiff is now enjoying a better income than that he received at the time of the accident. Should the pain become so overwhelming that plaintiff can no longer endure driving a truck, or should pain and impairment hinder plaintiff's job performance, causing DSI to dismiss him, then plaintiff will be protected from the loss of his income by his partially disabled status. See Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367, 372 (La.1980).

II
The trial judge found that the actions of defendants in terminating plaintiff's *589 compensation benefits were arbitrary and capricious, subjecting defendants to statutory penalties and attorney's fees, under La.R.S. 23:1201.2. The trial judge based this determination on the fact that the medical report of Dr. Plauche' dated March 28, 1980, indicated plaintiff's continuing physical disability and the likelihood that arthritis present in the left ankle would worsen.
We note, however, that compensation benefits were terminated on April 10, 1979, which was the same date plaintiff returned to work. The medical report which the trial judge relied upon in his ruling was not even formulated until March 8, 1980, nearly a full year after plaintiff's return to work and the cessation of his benefits. Reliance on this report in determining the propriety of defendants' termination of compensation benefits is misplaced.
The jurisprudence is replete with cases where such termination was held to be not arbitrary when based on medical opinion that the claimant was able to return to work. This case goes farther, in that compensation benefits were discontinued only because plaintiff was actually back on the job, at full pay. We see nothing arbitrary or capricious in the conduct of the defendants, especially in light of the fact that compensation was paid for seventy-seven weeks while plaintiff was not working. Clearly, the goal of the Workmen's Compensation Act is to provide disability benefits for an employee who is unable to work, not to reward an employee who has returned to his job. We find the trial court in manifest error in holding the defendants responsible for statutory penalties and attorney's fees.
In light of this holding, discussion of the remaining assignment of error is expressly pretermitted.
Therefore, for the above and foregoing reasons, judgment of the trial court awarding plaintiff, Henry F. Kirkley, compensation benefits for total and permanent disability, and awarding statutory penalties and attorney's fees is hereby reversed. There is now judgment in favor of Henry F. Kirkley and against defendants, DSI Transports, Inc., and Texas General Indemnity Company, for compensation benefits for partial disability, commencing April 10, 1979, said judgment being pursuant to the provisions of La.R.S. 23:1221(3). All costs of this appeal shall be divided equally between appellants and appellee.
REVERSED AND RENDERED.