BOUTALL, Judge.
Jessie Bazile sued his employer, Pellerin Milnor Corporation, seeking additional workmen’s compensation benefits including attorney’s fees and penalties, for a work-related injury as a permanently totally disabled worker. The trial court found permanent total disability but denied penalties and attorney’s fees. The employer appealed. We affirm the judgment as to the plaintiff’s being injured while working within the course and scope of his employment but amend to find the plaintiff partially disabled. LRS 23:1221(3).
On October 18, 1979, while the plaintiff was performing his duties as a drill press operator, an iron plate weighing about 1,000 pounds fell from a lifting crane onto his foot, severely injuring it. The defendant’s insurer, Mid-Continent Underwriters, Inc., paid workmen’s compensation benefits and medical expenses through March 7, 1980.
The insurer notified the employer on March 10, 1980 that it would make no further payments because the plaintiff was released to return to work on February 7, 1980. The letter enclosed the report of Dr. Russell Levy, the insurer’s examining physician. Dr. Levy found the plaintiff able to return to his regular job but noted that he still had pain in his foot. When the plain *1059 tiff failed to contact his employer or return to work after receiving notice to do so by March 25, the company fired him effective March 28, 1980.
In the meantime, beginning on January 10, 1980, the plaintiff had been seeing Dr. Raul G. Reyes, a surgeon with special training in orthopedics to whom the plaintiffs attorney referred him. Dr. Reyes continued to treat the plaintiff but released him to light duty on March 27, and on May 15, 1980, discharged him to regular duty.
The employee did not attempt to return to Pellerin Milnor but found employment off and on with construction companies, beginning in May or June, 1980. At the time of trial, October 19,1981, the employee had been working for a construction company for three months and had just been promoted to pipe fitter’s helper, earning $7.10 per hour. His hourly wage at Pellerin Milnor had been $6.26. He still reported pain and swelling that was worsened by standing for long periods. The question before us on this appeal is whether the plaintiff is permanently and totally disabled under the odd lot doctrine when he is gainfully employed although working in pain.
In his Reasons for Judgment, the trial judge stated:
“The medical evidence preponderates that plaintiff will continue to suffer pain, discomfort and swelling in his right foot if he attempts to work in the construction field. The evidence points out that plaintiff’s physical condition, mental capacity, education, age and training makes it necessary that he compete in the labor market as a laborer. The evidence bears out that plaintiff cannot work as a laborer because of the substantial pain in his right foot.
A worker who cannot return to gainful employment without suffering substantial pain is entitled to compensation benefits for total disability, and, the “Odd Lot” is also applicable to substantial pain cases because a worker who, due to injury, can function only with substantial pain may not be considered a desirable worker: Lattin v. Hico Corp., 395 So.2d 90 [690]; Wilson v. Ebasco Services, 393 So.2d 1248. This court does not find the exception to total disability as set out in Dusang v. Beck Builders, 389 So.2d 367 applicable.”
We disagree with the trial court’s conclusion of law as to his application of the odd lot doctrine to find the plaintiff permanently and totally disabled.
A succinct statement of the odd lot doctrine as related to injured employees who can only function by working in substantial pain appears in Calogero v. City of New Orleans, 397 So.2d 1252 (La.1980), at 1253:
“In Oster v. Wetzel, 390 So.2d 1318 (La.1980) this court adopted the odd lot doctrine under which the claimant is entitled to benefits for total disability when he establishes a prima facie case that, because of his physical impairment and of other factors such as his mental capacity, education, and training, he can perform no services other than those which are so limited in quality, dependability or quantity that a reasonably stable market for them does not exist, and when the employer does not successfully rebut the pri-ma facie case with evidence that some form of suitable work is regularly and continuously available to the employee within reasonable proximity to his residence.
“The ‘odd lot’ concept can be also applied in substantial pain cases where an injured worker, because of his injury, can function only with substantial pain or with the help of fellow workers, he may not be considered a particularly desirable employee. Thus, if the worker’s pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he could be treated as an ‘odd lot’ worker in the determination of his claim for total disability benefits. See Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980).”
The doctrine as applied to substantial pain cases was further refined by the Supreme Court in Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); Allor v. Bel- *1060 den, 393 So.2d 1233 (La.1981); Lattin v. Hica Corp., 395 So.2d 690 (La.1981); and Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982).
The Dusang case, cited in Calogero, above, pointed out that in order for an injured employee to be declared permanently totally disabled, the record must show that the worker’s pain is substantial and appreciable. Dusang and cases cited therein at 369.
We find that the record in the instant case, except for the plaintiff’s comments, does not support a condition of substantial pain. In Wilson, both the physician’s testimony and that of the plaintiff’s mother, were in agreement as to the degree of pain the plaintiff was suffering from a back injury. In the instant case, no lay witness other than the plaintiff was called to testify to his pain, and neither of the physicians who were deposed testified as to severe pain.
Dr. Russell Levy examined the plaintiff only one time, February 7, 1980, for the purpose of giving the insurer an opinion on his condition. Dr. Levy stated that although the employee did describe pain even at rest, he recommended that the employee return to work to see whether his foot could tolerate the job. The treating physician, Dr. Raul G. Reyes, testified that the employee’s fractures had healed well. The only medication for pain which he prescribed was Tylenol. If the employee had complained of severe pain, he would have prescribed stronger medication. His impression at the time of discharge was that the patient had only residual discomfort. When the employee returned for a follow up visit in December, 1980, the physician noted no swelling or deformity. The employee complained of pain on top of his foot, which Dr. Reyes attributed to flat feet. He prescribed a correction for flat feet for his previously prescribed orthopedic shoes. When the employee returned on January 8, 1981, he reported to Dr. Reyes that the shoe correction had relieved his pain.
In order to be awarded permanent total disability under the odd lot doctrine, the plaintiff must show not only that he is in substantial pain but also that the pain makes him unable to compete in the labor market. After the employee has proved his pain, the employer may reduce his award from permanent total disability to partial disability by showing that “some form of gainful occupation is regularly and continuously available to plaintiff within a reasonable proximity of his residence.” Lattin, above, at 694.
In Louisiana Revised Statutes 23:1221, permanent total disability prevents the employee from engaging in “any gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged while partial disability causes the employee to be unable “to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature or description ...” In the Lattin case, the Supreme Court found him to be in substantial pain but remanded the case for the employer to produce evidence of suitable available employment. In contrast, in Wilson, the severity of the plaintiff’s pain eliminated all possibilities of employment at the time of trial so that total disability was found. The court felt that once the employee’s pain was under control, her training and background was such that she might well find employment within her physical limitations. The employer would then be entitled to seek modification of the award.
Partial disability was found in the Dusang case, where the plaintiff had returned to work but continued to experience pain. The pain interfered with some of his duties, but the court found that the pain was not so disabling as to make it impossible for him to work with some assistance from his fellow employees. The court felt that the classification of partial disability would “protect him in any work in which he earns less than he did before his injury ...” Dusang, above, at 272.
*1061 In Allor v. Belden, 393 So.2d 1233 (La.1981), decided the same day as Wilson, above, permanent partial disability benefits were awarded to a manual laborer whose back injury prevented him from returning to his former occupation. Physicians testified that less strenuous jobs would not damage his health or cause substantial pain. Further the court found that his work history, training, and the fact that he was currently employed mitigated against his status as an odd lot employee.
The Supreme Court in Schouest found that a sandblaster who had contacted silicosis and could only work in a dust-free environment was partially disabled.u The employee was deemed by physicians to be able to work in a job other than sandblasting and suitable employment was available to him.
A recent First Circuit case, Kirkley v. DSI Transports, Inc., 416 So.2d 584 (La. App. 1st Cir.1982) awarded permanent partial disability benefits to a truck driver who returned to his former employment at a higher rate of pay than before. The court found him to be in substantial pain and said:
“For this reason, we hold that plaintiff is partially disabled, under La.R.S. 23:1221(3) ... Should the pain become so overwhelming that plaintiff can no longer endure driving a truck, or should pain and impairment hinder plaintiffs job performance, causing DSI to dismiss him, then plaintiff will be protected from the loss of his income by his partial disabled status. See Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367, 372 (La.1980).” Kirkley, above, at 589.
We hold that the rationales of Dusang and Allor are applicable to the injured employee in the instant ease. Accordingly, we affirm but amend as follows:
1. Jessie Bazile was injured while working within the course and scope of his employment.
2. Jessie Bazile is partially disabled under LRS 23:1221(3).
3. There is judgment herein in favor of Jessie Bazile and against Pellerin Mil-nor Corporation for workmen’s compensation benefits commencing October 18, 1979, and payable weekly during the period of disability, but not beyond a maximum of four hundred fifty weeks, at the rate of sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week, together with legal interest on each delinquent weekly payment from date of each delinquency until paid, and all medical costs and expenses. Subject to credit for weekly payments made and medical expenses paid.
4.Penalties and attorney’s fees are denied.
AFFIRMED AND AMENDED.