ALFORD, Judge.
This is an appeal from a judgment dismissing the defendants-appellants’ application under LSA-R.S. 23:1331[1] for a modification of a permanent total disability worker’s compensation award to the plaintiff-ap-pellee.
In November, 1982, this court found the plaintiff, Jimmy W. Wheat, to be totally and permanently disabled as of April 10, 1981, under the odd lot doctrine as extended to substantial pain cases. Wheat v. Ford, Bacon and Davis Construction Corp., 424 So.2d 293 (La.App. 1st Cir.1982), writ denied, 429 So.2d 155 (La.1983) and 429 So.2d 158 (La.1983). This court therein held the first employer, the defendant Ford, Bacon and Davis Construction Corporation, to be liable to the plaintiff and the second employer, the defendant H.L. Richardson d/b/a H & L Construction Company, to be liable to the first employer for contribution.
On February 4, 1984, both defendants filed a rule for modification of the judgment in accordance with LSA-R.S. 23:1331 [2], alleging that plaintiff’s incapacity had diminished to such an extent that he was no longer permanently totally disabled.
Plaintiff’s original work related disability stemmed from a herniated disc that happened while he was employed as a pipe welder on construction jobs. Subsequent to being deemed permanently totally disabled by this court, plaintiff was employed as an offshore rig welder by ODECO, a position he has held since February 13, 1982. At the time of trial on defendants’ rule, plaintiff worked 14 days on, 14 days off, with a guarantee of 91 hours per week, at a rate of $9.71 for 40 hours and time and a half for all hours in excess of 40. Plaintiff admits that he did not advise either ODECO or ODECO’s physician of his back injury because he wanted to secure work. He testified that he works in substantial pain at all times, and that his immediate supervisor knows of his back injury and allows others to help him if any strenuous work is required. He admitted that he is able to successfully fulfill his job obligations, and that he is not in any danger of losing his job because of his physical disability. His testimony revealed that very *441 little of his work week is spent actually working, and the trial judge made the following comment during the trial:
Apparently you don’t do this much welding out there. I remember quite vividly the type of job you were doing when you had the two injuries, and I remember your testimony, and I remembered your general appearance. As you’re sitting here today, you have the hands that either one of these lawyers might have, or a judge; ...
In regard to the plaintiff’s physical condition, the deposition of Dr. Luis F. Matta, an orthopedic specialist who has treated the plaintiff since his original accident, was introduced into evidence. Dr. Matta testified that the plaintiff’s back condition has physically deteriorated since the original trial. The original injury to the back was a herniated disc at the L 4-5 level. X-rays made in February 1984, show severe osteoarthritis at the lumbo-sacral interspace directly below the L 4-5 level, with degenerative disc disease. Additionally, plaintiff has a herniated disc at the L 3-4 level. Dr. Matta stated both of these additional conditions could be connected with the original injury and he recommended that the plaintiff “not engage in any form of activity that would require any persistent bending, stooping, climbing and lifting more than fifteen pounds.” He further advised that he had not treated the plaintiff for his injury from December 14, 1981, until February 14, 1984, at which time the plaintiff came back for an examination but not for treatment.
Dr. Jeffery L. Scheuermann, a chiropractor, also testified in a deposition entered into the record. He stated he treated the plaintiff for approximately three months from February 24, 1983, until May 16, 1983, for a neck injury he received while on the job with ODECO, and for low back pain. Dr. Scheuermann testified that his treatment of the plaintiff’s neck was successful but that he was unable to permanently alleviate the plaintiff’s low back pain.
A private investigator, John Monus, testified that he observed the plaintiff working around his own home, where he engaged in bending, stooping and lifting activities.
The trial court in its reasons for judgment, determined that the plaintiff’s incapacity had not diminished because his physical disability had become more pronounced. Therefore, the court ruled that there should not be a modification of the plaintiff’s designation as permanently totally disabled. We disagree.
The applicable statute provides that a modification of a compensation judgment can be sought if “the incapacity of the employee has been subsequently diminished.” LSA-R.S. 23:1331. The statute does not limit the diminishment in incapacity to an improvement in the claimant’s physical condition. In the instant case, the claimant no longer meets the requirements for classification under the odd lot doctrine as extended to substantial pain cases; thus his incapacity as far as employment has diminished.
A worker’s compensation claimant is permanently totally disabled if he is unable to engage in any gainful employment. LSA-R.S. 23:1221(2). A claimant who is able to engage in some employment, though not necessarily the type work that he was doing at the time of the accident, is considered only partially disabled. LSA-R.S. 23:1221(3).
Under the odd lot doctrine, a claimant is permanently totally disabled if he can prove that, because of his physical injury and other factors such as mental capacity, education, training or age, he can perform only services which are so limited in quality, dependability or quantity that a reasonably stable market for them does not exist. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980).
The odd lot doctrine has been extended to cases where the claimant can function only with substantial pain. In order to fit within this category, a worker’s compensation claimant is required to prove his pain appreciably limits the type of work *442 available to him and greatly diminishes his ability to compete in the labor market. Lattin v. Hica Corp., 395 So.2d 690 (La.1981); Wheat, 424 So.2d at 297. It is not sufficient for a claimant to show that he experiences pain while working. He must also show that because he is forced to work in pain, his steady employment in the labor market is either highly doubtful or does not exist. See Faucheaux v. Hooker Chemical Corp., 440 So.2d 1377 (La.App. 5th Cir.1983), writ withdrawn, 459 So.2d 498 (La.1984); Kirkley v. DSI Transports, Inc., 416 So.2d 584 (La.App. 1st Cir.1982). Once a claimant has made a prima facie showing of odd lot status because of pain, the employer must show other available jobs which the plaintiff could physically handle and would provide steady income. Wheat, 424 So.2d at 297.
In the instant case, this court originally ruled that the plaintiff made an adequate prima facie case of his reduced ability to secure work because of the substantial pain he suffered. At that time, the defendants did not show the availability of any other jobs which the plaintiff could handle, and the plaintiff was placed on permanent total disability under the odd lot doctrine.
However, a diminution in the plaintiff’s incapacity has occurred since the plaintiff was placed in the odd lot category. The record clearly shows that the plaintiff has been and is steadily employed. The plaintiff admits that he can perform his job adequately and that he is not fearful of losing his position because of any back pain. He can no longer claim that steady employment is either highly doubtful or non-existent. Thus, he no longer fits within odd lot doctrine as extended to substantial pain cases in regard to permanent total disability, and his incapacity has diminished within the meaning of LSA-R.S. 23:1331.
Even if a claimant is not subject to permanent total disability, if he cannot perform the same work that he did before his injury without substantial pain, but he has the mental and physical capacity to perform other jobs which are available to him, he should be considered permanently partially disabled. LSA-R.S. 23:1221(3); Dauzat v. Gregory & Cook, Inc., 454 So.2d 807 (La.1984).
In the instant case, the record amply supports the trial court’s finding that the plaintiff’s physical disability has not decreased. Both doctor’s depositions note objective findings of disc problems in the plaintiff’s lower back. Dr. Matta stated that the plaintiff should not engage in persistent stooping, bending or lifting activities. The plaintiff testified that he requires assistance if any strenuous physical labor is involved in his job. Thus it is evident that the plaintiff cannot perform the same type of welding that he did before his injury. The trial judge noted the difference in the type of welding done by the plaintiff at the time of the original trial and at the subsequent hearing on the rule. Therefore, we find that the plaintiff is now partially disabled. Plaintiff is earning a higher income now than he did when he was injured. Should plaintiff’s pain increase to such a point that he can no longer endure work or must reduce his hours of work, or should his back injury and pain adversely affect his job performance, causing ODECO to fire him or reduce his pay, the plaintiff will be protected from the loss of income by his partial disability status.
Therefore, for the above and foregoing reasons, we amend the judgment of the trial court to grant a modification of the plaintiff’s prior compensation award, and to provide benefits to the plaintiff for permanent partial disability under LSA-R.S. 23:1221(3) as of November 19, 1985. The partial disability will run for a maximum of four hundred fifty weeks, at the rate of sixty-six and two-thirds percentum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns or earned in any week, and all medical costs and expenses. Damages and attorney’s fees are denied. Costs of this appeal are to be apportioned equally between the parties.
AMENDED AND RENDERED.

. Since the injury occurred in 1978, references in this opinion apply to the Worker’s Compensation statutes as they appeared prior to the 1983 amendments, La.Acts. No. 1 § 1.

. This statute provides that “at any time six months after rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through fraud, error or misrepresentation.” LSA-R.S. 23:1331.