GRISBAUM, Judge.
This is a worker’s compensation matter in which the employee is appealing the ruling of the trial court finding that the employer had fully complied with its responsibility under the worker’s compensation act and that the employee was capable of employment at the time the benefits were discontinued. We affirm.
FACTS
On January 6, 1981, Richard J. Aromy, Jr., while in the course and scope of his employment with Cox Cable of Jefferson Parish, Inc. (Cox Cable), slipped and fell injuring his right knee. Transportation Insurance Company, Cox Cable’s insurer, began paying medical and disability benefits on January 27, 1981. These payments continued until July 14, 1987, at which time they were discontinued. Mr. Aromy filed suit alleging that he is physically disabled, that he is in constant pain, that he is in need of further surgery, and tHat the defendants’ refusal to pay future benefits was arbitrary and capricious.
ANALYSIS
“Total disability compensation can now be obtained only if the employee is unable ‘to engage in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged_’ La. R.S. 23:1221(2) (Supp.1975).” Oster v. Wetzel Printing, Inc., 390 So.2d 1318, 1322 (La.1980). Therefore, it is incumbent upon the employer to prove by a preponderance of the evidence that jobs, which are realistically attainable and which offer earnings that are more than mere speculation, are available to the claimant. Culotta v. Great Atl. and Pac. Tea Co., 524 So.2d 259 (La.App. 5th Cir.1988), writ denied, 530 So.2d 88 (La.1988).
We first note that much discretion is accorded the trier of fact’s assessment of expert testimony. Here, two vocational rehabilitation specialists testified regarding Mr. Aromy’s prospects for future employment.
Dr. Cornelius Gorman, witness for the plaintiff, testifies that, due to his physical impairment, Mr. Aromy would not be first choice for any job for which he may apply. Additionally, he states that the number of jobs available to Mr. Aromy would be “drastically reduced.” However, Dr. Gor-man admits that he did not actually survey any company nor did he attempt to secure employment for Mr. Aromy, as he was already employed at the time of their meeting.
On the other hand, Mr. John Crane, witness for the defendant, testifies that, after assessing Mr. Aromy’s physical and intellectual ability and the transferable skills he has acquired through previous employment, he was able to compile a lengthy list of employment opportunities for which Mr. Aromy would be well suited. Moreover, Mr. Crane contacted several employers who had various job opportunities available in the market place. As a result of this survey, Mr. Crane found that the plaintiff was physically and intellectually capable of performing any one of these jobs, that on-the-job training was available, and that his future earnings could reach levels substantially greater than any previous employment.
*209 Additionally, the record shows that Mr. Aromy left his job at Cox Cable of his own volition in order to work for his father, that since 1987 Mr. Aromy has been able to secure employment which paid considerably more than he was earning with Cox Cable, and that Mr. Aromy worked as a Domino's Pizza delivery man and turned down a management trainee position. In light of the foregoing, we cannot say it was manifest error for the trial court to find that plaintiff was not totally and permanently disabled.
Next, plaintiffs argument that he was unable to perform the ordinary duties of his occupation without substantial pain lacks merit. In order to be awarded permanent total disability under the odd-lot doctrine, plaintiff must show not only that he is in substantial pain but also that the pain makes him unable to compete in the labor market. Bazile v. Pellerin Milnor Corp., 433 So.2d 1058 (La.App. 5th Cir. 1982), writ denied, 435 So.2d 427 (La.1982).
Here, the record is void of any evidence, with the exception of the plaintiff’s self-serving testimony, that he worked in substantial pain. On the contrary, not only has he not complained of pain to his coworkers, he has not purchased anything stronger than over-the-counter analgesics since 1987. Hence, we find that whatever residual pain Mr. Aromy suffers, it is not severe and disabling and does not entitle him to recover under the odd-lot doctrine. Perrilloux v. Godchaux-Henderson Sugar Co., 436 So.2d 1325 (La.App. 5th Cir.1983), writ denied, 440 So.2d 760 (La. 1983).
Finally, plaintiff contends the trial court erred in finding he was entitled to specific injury benefits rather than permanent partial disability benefits. The distinction being that for a permanent partial disability there must be an appreciable diminution in the worker’s ability to perform his regular job or a similar one, while for permanent impairment of a physical function no disability need be found. Miller v. Pan Am. World Airways, Inc., 480 So.2d 477 (La.App. 5th Cir.1985), writ denied, 482 So.2d 629 (La.1986).
Here, the record reveals that Mr. Aromy was not only capable, but did perform similar duties, without incident, during his employment with Domino’s Pizza. Although Dr. John Garoutte, plaintiff’s orthopedic specialist, testifies that a more sedentary job would be “ideal,” he does not say that plaintiff is incapable of performing door-to-door sales work. His concernís that a job which requires a lot of walking increases the risk that plaintiff may some day have another accident. However, he points out that this risk could be reduced by 75-80 percent if only plaintiff would wear his brace.
Since the question of disability is a factual one, the finding of the trier of fact is accorded great weight. Miller, supra. Clearly, the record supports the trial court’s finding that Mr. Aromy was not permanently partially disabled.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.