397 So.2d 1252 (1980)
Robert G. CALOGERO
v.
CITY OF NEW ORLEANS.
No. 80-C-2336.
Supreme Court of Louisiana.
December 23, 1980.
*1253 Salvadore Anzelmo, City Atty., Deborah C. Ziegler, Asst. City Atty., for defendant-applicant.
Charles A. Kronlage, Jr., Kronlage, Dittman & Caswell, New Orleans, for plaintiff-respondent.
PER CURIAM.
In Oster v. Wetzel, 390 So.2d 1318 (La. 1980) this court adopted the odd-lot doctrine under which the claimant is entitled to benefits for total disability when he establishes a prima facie case that, because of his physical impairment and of other factors such as his mental capacity, education, and training, he can perform no services other than those which are so limited in quality, dependability or quantity that a reasonably stable market for them does not exist, and when the employer does not successfully rebut the prima facie case with evidence that some form of suitable work is regularly and continuously available to the employee within reasonable proximity to his residence.
*1254 The "odd lot" concept can be also applied in substantial pain cases where an injured worker, because of his injury, can function only with substantial pain or with the help of fellow workers, he may not be considered a particularly desirable employee. Thus, if the worker's pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he could be treated as an "odd lot" worker in the determination of his claim for total disability benefits. See Dusang v. Henry C. Beck Builders, Inc., et al., 389 So.2d 367 (La.1980).
The presence of substantial pain may logically cause an injured worker to fall into this odd-lot category, inasmuch as it directly affects "the probable dependability with which the injured worker can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary luck, or the superhuman efforts of the claimant to rise above his crippling handicaps." L.A. Larson, The Law of Workmen's Compensation, § 10-164.49 (1980); see W. Malone and H. Johnson, Workers' Compensation §§ 624, 627-29 (2d ed. 1980).
The present case was decided by both lower courts prior to the rendition of the Oster and Dusang decisions. Moreover, since the treating physician opined that plaintiff can do some sedentary work without substantial pain, and since the court of appeal found that the work plaintiff is presently doing "in substantial pain" is not that sedentary, the case should be remanded to allow both sides the opportunity to present additional evidence in the light of the newly adopted standards.
Accordingly, the writ is granted, and the case is remanded to the trial court for further proceedings as outlined above.
DENNIS and WATSON, JJ., dissent, being of the opinion that the result of the Court of Appeal's judgment is correct under the odd lot doctrine.
CALOGERO, J., recused.