403 So.2d 773 (1981)
Danny Kent COTTONHAM, Plaintiff-Appellee,
v.
ROCKWOOD INSURANCE COMPANY OF ROCKWOOD, PENNSYLVANIA, Defendant-Appellant.
No. 8262.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1981.
Rehearing Denied September 22, 1981.
*774 Fruge & Vidrine, Jack C. Fruge, Ville Platte, for defendant-appellant.
Andrus & Preis, Gary McGoffin, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and SWIFT, JJ.
DOMENGEAUX, Judge.
In this workmen's compensation case, the main issue is whether the "odd lot" doctrine, recently introduced into our jurisprudence by the Louisiana Supreme Court, should be applied to prevent an award of total disability to one, such as plaintiff herein, who is at all times in substantial disabling pain but who, due to a set of fortuitous circumstances, including the forbearance of his employers, was employed at the time of the trial, and was at that time earning more than he was before the accident.
On September 17, 1977, the plaintiff-appellee, Danny K. Cottonham, then a 22 year old assistant dean of student personnel at the University of Southwestern Louisiana (U.S.L.), fell from a third story balcony on the U. S. L. campus. He fractured vertebrae in his back and injured his spinal cord, causing paralysis from his waist down. He is a paraplegic, and is permanently confined to a wheelchair.
U. S. L.'s compensation insurer, Rockwood Insurance Company (Rockwood) paid plaintiff benefits at the rate of $130.00 per week until he resumed his same position at U. S. L. on April 1, 1978, at which time benefits were discontinued. Plaintiff sued Rockwood, and after trial the district judge concluded that plaintiff was working in substantial pain and was therefore totally *775 and permanently disabled under the rationale of the Louisiana Supreme Court case of Whitaker v. Church's Fried Chicken, Inc., 387 So.2d 1093 (La.1980). Accordingly, plaintiff was awarded compensation benefits at the weekly rate of $130.00. He was also awarded $4,443.95 for an emergency telephone device and the installation of a ramp and hand controls on plaintiff's van. Additionally, statutory penalties of 12% and an attorney's fee of $2,500.00 were granted.
The defendant has appealed, claiming the trial judge committed error:
1In finding plaintiff totally and permanently disabled under the amended version of La.R.S. 23:1221;
2In awarding the sum of $4,443.95 representing cost of the phone device and wheelchair ramp as reasonable medical expenses.

SUBSTANTIAL PAIN
At the time of the September 17, 1977 accident, plaintiff's duties as assistant dean of student personnel was to help supervise men's housing on the campus. He supervised the dormitory staffs, coordinated activities in the dorms, worked with students, etc. His duties required him to move about considerably. He had office hours but was on 24-hour call most of the time because he had to be available to students who got into trouble on or off campus.
Since the accident and the resumption of his job, he has similar responsibilities, but he spends much more time in his office now because of his physical disabilities and lack of mobility. It is evident that his employers are very understanding and tolerant of his limitations and allow him working privileges not enjoyed before the accident.
The evidence clearly establishes that plaintiff suffers substantial pain both on and off duty as a consequence of his accident and resulting paraplegia. He will suffer substantial pain regardless of the type of job at which he is employed. The medical evidence shows that with an injury of this type, substantial pain can and usually does exist. The lay testimony, from plaintiff himself and from co-employees, including his supervisors, proves unquestionably that plaintiff lives in a constant state of substantial pain. Since he has returned to his employment he has had to leave his job early on many occasions because of pain. Likewise, on many occasions, he has been late coming to work because of pain. He takes numerous types of medication for pain and spasms.
We conclude that because plaintiff suffers substantial pain at all times, whether he is working or not, and would suffer such pain regardless of the type of work he would do, he is totally disabled under the rationale of Whitaker, supra. This case affirmed numerous appellate court decisions which held that a person is to be considered totally and permanently disabled if he worked in substantial pain. Among these cases are Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App.3rd Cir. 1977), writ denied, 353 So.2d 1048 (La.1978); and Rachal v. Highlands Insurance Company, 355 So.2d 1355 (La.App.3rd Cir. 1978), writ denied 358 So.2d 645 (La.1978).

ODD LOT DOCTRINE: DUSANG TO LATTIN
The defendant-appellant, Rockwood, contends that under the rationale of the recent Louisiana Supreme Court case of Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367 (La.1980), plaintiff is only partially disabled because he is able to perform and is actually engaged in gainful employment at the present time. We disagree.
The Court in Dusang agreed with the lower courts that plaintiff worked in substantial pain, but decided that he was not totally disabled. The Court observed that plaintiff worked steadily and that the pain was not so disabling as to require plaintiff to be hospitalized or to miss work. Further, no employee had been substituted for plaintiff because of his inability to do the work and there was no evidence that plaintiff would not be able to find work in the future. Also, the Court observed that plaintiff was earning more at the time of trial than before the accident. Finally, the *776 Court observed that evidence of plaintiff's pain in Dusang was not as strong as the evidence in Whitaker. Under these facts, the Court affirmed the Fourth Circuit's judgment that plaintiff was partially disabled.
The Court in Dusang discussed Whitaker and the cases cited therein, including Phillips and Rachal, without indicating that those cases, which found plaintiffs totally and permanently disabled because they could not work at any job without experiencing substantial pain, were incorrect.
Dusang, also discussed the "odd lot" doctrine at length, but did not then adopt it. Under this doctrine, a claimant is considered totally disabled if his injury makes him an "odd lot" in the labor marketin other words, he can hold various jobs periodically, but the kind of work he can do is so limited that a reasonably stable market for it does not exist.
The Supreme Court subsequently adopted the odd lot doctrine as the guiding concept in determining permanent total disability in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980), and applied the doctrine in Turner v. American Mutual Insurance Company, 390 So.2d 1330 (La.1980); Calogero v. City of New Orleans, 397 So.2d 1252 (La. 1980); Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981); and Lattin v. Hica Corporation, 395 So.2d 690 (La.1981).
Citing Larson's treatise, The Law of Workmen's Compensation (1976), Oster recognized that the essence of the odd lot doctrine is:
"`the probable dependability with which claimant can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the super-human efforts of the claimant to rise about his crippling handicaps.' Larson, supra § 57.51, pp. 10-109 and 10-119." (390 So.2d at 1323).
and then Oster set forth the following guidelines to determine when the odd lot doctrine can be applied:
"In order to determine whether the plaintiff fits within this category of odd-lot workers, he must show that because of his physical impairment, mental capacity, education, training, age, availability of employment in his area, and any other relevant factor, that he `cannot perform the substantial and material parts of some gainful work or occupation with reasonable continuity.' Reese v. Preston Marketing Assoc., 274 Minn. 150, 142 N.W.2d 721, 723 (1966). If the plaintiff is successful in showing a combination of factors indicating that the services which he is able to render are so limited in quality, quantity, or dependability that a market for his labor does not exist within which he can effectively compete, he has presented a prima facie case for classification in the odd-lot category. An offering of such proof by the plaintiff, therefore, satisfies his burden of proving that he should be awarded benefits for permanent and total disability. The defendant employer then has the onus of showing that there are jobs which are available to provide a steady income to the plaintiff or that will provide him with a `gainful occupation.'" (Emphasis added).
Calogero, Wilson, and Lattin all applied the odd lot doctrine to substantial pain cases. However, a close reading of those cases shows that none decided the issue presented at the outset of this opinion.
In Calogero, the trial court and Court of Appeal found the plaintiff totally disabled because he was working in substantial pain. The Supreme Court remanded the case because it:
"... was decided by both lower courts prior to the rendition of the Oster and Dusang decisions. Moreover, since the treating physician opined that plaintiff can do some sedentary work without substantial pain, and since the court of appeal found that the work plaintiff is presently doing `in substantial pain' is not that sedentary, the case should be remanded to allow both sides the opportunity to present additional evidence in the light of the newly adopted standards." (Emphasis added) 397 So.2d at 1254.
*777 The Supreme Court found the plaintiff in Wilson totally disabled at the time of trial because "[s]he was unable to perform the simplest of physical tasks without incurring substantial pain." Also, no showing was made that any employment would be suitable for plaintiff. The Court noted that plaintiff may not necessarily qualify as an odd lot worker "depending upon her ability to cope with pain ...."
Finally, the Court in Lattin found that plaintiff established his prima facie case for classification as an odd lot worker due to the pain in his foot which appreciably limited the types of work available to him and greatly diminished his ability to compete in the labor market. However, the case was remanded to give the employer an opportunity to reduce the award from permanent total disability to permanent partial disability by presenting evidence that some form of gainful occupation is regularly and continuously available to the employee within reasonable proximity to his residence.
The following language from Lattin, which paraphrases language from Dusang, may be subject to misunderstanding:
"... if a worker cannot perform the same work that he did before his injury because it causes him substantial pain, but he has the mental capacity to perform other jobs which are available, he should be considered partially disabled." (395 So.2d at 694).
This language seems to suggest that a worker whose pre-injury work causes him substantial pain should be considered only partially disabled if he has the mental capacity to perform other available jobs which do not cause him substantial pain. Such a suggestion ignores the very real possibility, which exists under the facts of this case, that a worker may be in a constant state of disabling pain as a result of the work-related injury, such pain not being caused by nor related to the character of work being done after his injury. In such an instance, the worker should be found totally disabled since the law does not require that the work cause the pain for a worker to be considered totally disabled.
It is a well-established principle that a worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. The Supreme Court so held in Whitaker, even though the plaintiff there was working as a janitor in a zoo at the time of trial. The Court reaffirmed this proposition in Wilson and Lattin. (In these two latter cases, the Court cited both Whitaker and Dusang for this principle.)
Under the Whitaker rationale, one who can demonstrate that he is and will be in substantial disabling pain at all times, regardless of the character of work he does or might do, should be found totally disabled. If the evidence supports that finding, it matters not what the defendants might show in terms of the availability of work.
If the Supreme Court has intended for Louisiana courts to analyze every total disability case within the framework of the newly adopted odd-lot standards, it is submitted that when plaintiff has satisfactorily proven that he lives in a constant state of substantial disabling pain, he has conclusively proven his entitlement to benefits for permanent and total disability, regardless of the availability of a market for the type of services he can render, because an employee is not considered to be capable of working when he can do so only in substantial pain.
It is evident that the Supreme Court, in fashioning odd lot guidelines for Louisiana's courts to follow in workmen's compensation cases, borrowed heavily from Malone & Johnson, Worker's Compensation, (2d ed. 1980), §§ 276-277, wherein the authors recommended that Louisiana courts adopt the odd lot doctrine in interpreting the new total disability provision of the Workmen's Compensation Act. La.R.S. 23:1221 (1) and (2) as amended in 1975.[1]
*778 In discussing the first reported "substantial pain" or "working in pain" cases under the 1975 amendment, Malone & Johnson, § 277, at p. 628, say:
"... It has been held that a claimant who could return to a gainful occupation, but could do so only by working in substantial pain, is to be considered totally disabled. There is certainly nothing inconsistent with the new standard in such a conclusion. Nothing in the amended section states that the employee is not disabled if he can engage in any gainful occupation for wages, whether in pain or not. And the social policy carried out in the Act is such that we could not in good conscience conclude that an employee could be considered as capable of working when he could only do so in substantial pain. Under the circumstances, it seems fair to predict that the so-called `working in pain' jurisprudence ... will continue to be viable under the new definition." (Emphasis added).
The authors do suggest that the courts require a more stringent standard of proof on the question of whether plaintiff can work only in substantial pain, since there is no limit on the number of weeks benefits may be paid for total disability and increased weekly benefits are now available. The Supreme Court apparently followed this advice in Dusang when it decided that plaintiff was not totally disabled even though he worked in substantial pain. As we observed earlier, the Court in Dusang was impressed with the fact that the evidence of Dusang's pain was not as strong as the evidence in Whitaker. The Court took particular note of the fact that Dusang's pain had not been so disabling as to require hospitalization or absenteeism. The circumstances of this case are clearly distinguishable. Unlike the evidence presented in Dusang, the evidence here clearly establishes that plaintiff is in constant, substantial and disabling pain. His "super-human efforts... to rise above his crippling handicaps",[2] coupled with the patience and forbearance of his employers in allowing him to remain at his job in spite of his limitations, should not be turned against plaintiff by depriving him of an award for total disability. Hence, the trial court judgment awarding plaintiff total disability benefits will be affirmed.
No purpose would be served by remanding the case to allow defendant to present evidence on the availability of employment since plaintiff will be in substantial pain regardless of the type of work being done.

OTHER MEDICAL EXPENSES
From our examination of the evidence as to the medical necessity for the emergency telephone unit and van equipment we find these were not only prescribed by the physicians, but were necessary for plaintiff's rehabilitation and safety. Therefore, the employer was required to furnish them under La.R.S. 23:1203.
For the above and foregoing reasons the judgment of the district court is affirmed at defendant's costs.
AFFIRMED.
GUIDRY, J., concurs and assigns reasons.
SWIFT, J., concurs in part and dissents in part and assigns reasons.
GUIDRY, Judge, concurring.
I agree with the result reached by the opinion author, however, in my view, there is no need to discuss or consider the "odd lot" concept since such doctrine is clearly not applicable under the circumstances of this case.
As I understand the holdings in Dusang, Calogero, Wilson, Turner and Lattin, a case should be analysed under the "odd lot" concept, insofar as substantial pain cases are concerned, in instances where it is made to appear that the injured worker, although unable to perform the same work that he did before his injury except in substantial pain, he is able by reason of training, education, experience, etc., to perform other jobs which are available without substantial pain. If such analysis shows that work is *779 available and the injured employee can effectively compete with the general labor force for these other jobs, then he is to be considered partially disabled. On the other hand if, as stated in Oster, ".... the services which he is able to render are so limited in quality, quantity, or dependability that a market for his labor does not exist within which he can effectively compete, he has presented a prima facie case for classification in the odd-lot category".
In the instant case the record makes clear that by reason of an on the job accident plaintiff lives in a constant state of substantial pain. He is unable to perform his former work or any type of work except in substantial pain. Under such circumstances the "odd-lot" concept has no application and plaintiff has clearly established his right to total and permanent disability benefits under LSA-R.S. 23:1221. As correctly stated by the opinion author, ".. an employee is not considered to be capable of working when he can do so only in substantial pain.
For these reasons I respectfully concur.
SWIFT, Judge, concurring in part and dissenting in part.
I agree with the majority that the awards for the plaintiff's emergency telephone unit and van attachments were proper under LSA-R.S. 23:1203, but otherwise I respectfully dissent.
Although I previously expressed an opinion to the contrary, our supreme court has now definitely ruled that the "odd-lot doctrine" is a part of Louisiana's workmen's compensation law. In addition, it has clearly held that such doctrine is applicable to substantial pain cases to determine the extent of the worker's disability. Dusang v. Henry C. Beck Builders, 389 So.2d 367 (La. 1980). Consequently, this court is obliged to follow and apply same where appropriate.
From my review of the record I am convinced the plaintiff has established a prima facie case for his classification as an odd-lot worker by reason of his physical impairment. However, like the plaintiff in Dusang, Mr. Cottonham is not a marginal employee. He is a college graduate and has been gainfully employed by the University of Southwestern Louisiana for over three years since the accident. His superiors testified that the university allows him great flexibility in adjusting his schedule when pain and medical problems cause him to miss work, arrive late or leave early and that he does so more frequently than other such employees. However, they also agreed he is capable of doing his job and he performs the work in a quite satisfactory manner. He has received merit increases in salary each year and there is no indication that he will not be able to continue in such employment. Also, in view of his education and experience there may be other jobs available to a person with such qualifications in spite of his disability and the pain he suffers.
Under the circumstances I cannot agree that this record reflects there is no form of gainful occupation regularly and continuously available to plaintiff within a reasonable proximity of his residence, which is essential to a final determination that an employee is an odd-lot worker and thus totally and permanently disabled.
Be that as it may, because this case was tried before the supreme court even suggested the odd-lot doctrine should be applied in substantial pain cases, we are convinced that justice requires a remand to the trial court so the employer's insurer will have a full opportunity to develop any and all factors which relate to the probable continuity of his present job and any other jobs that may be available to him. See Justice Dennis's concurring opinion in Lattin v. Hica Corp., 395 So.2d 690 (La.1981) and Calogero v. City of New Orleans, 397 So.2d 1252 (La.1981).
NOTES
[1] See approving references to Malone & Johnson, §§ 276-277 in Dusang, 389 So.2d at 371; Oster, 390 So.2d at 1323; Calogero, 397 So.2d at 1254; and Wilson, 393 So.2d at 1252.
[2] See Oster, 390 So.2d at 1323.