LOBRANO, Judge.
Appellant, John Brown, sustained injuries as a result of an accident arising out of and in the course of his employment as a carpenter at Avondale Shipyards on July 21, 1980 when he was struck in the right lower front ribs by a hook used to carry wood. As a result, he instituted these proceedings seeking Workmen’s Compensation benefits alleging a total and permanent disability.
The trial court found that appellant was disabled from July 21,1980 until September 21,1981, and thus was entitled to compensation benefits during that period. The Court further ordered defendant to pay the future medical expenses if appellant elected to enter the Mercy Hospital pain clinic, as well as weekly compensation benefits during the confinement. The claim for attorney fees *258 and penalties were rejected. From that judgment appellant perfected this appeal seeking total and permanent disability benefits. Appellee, Avondale Shipyards, Inc. answered the appeal seeking a reduction in the award.
In well written reasons for judgment, the trial court concluded that the overwhelming medical evidence shows that appellant sustained neither a total, or partial disability. The lower court reasoned that there were no objective findings of a disabling injury, and appellant’s constant complaints of pain were purely subjective. Although we disagree with the trial court’s statement that the substantial pain test was overruled by the Supreme Court’s enunciation of the odd-lot doctrine we agree with the judgment and therefore affirm.
In order to recover benefits under the Louisiana Workmen’s Compensation Law, an employee must establish that he received a disabling injury as a result of an accident arising out of and in the course of his employment. Disability is compensable only if it results from a work related accident or an occupational disease. La.R.S. 23:1031, 1031.1. The issues presented for our review are whether appellant is totally and permanently disabled under the odd-lot doctrine, and whether the trial court’s award was excessive. That doctrine is the guiding concept in determining permanent total disability in cases of this nature.
Contrary to the opinion of the trial court, the substantial pain test has not been overruled by our Supreme Court, but is in embodiment of the broader odd-lot doctrine. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981). Substantial pain cases must be analyzed within the framework of the odd-lot doctrine. See, Lattin v. Hica Corporation, 395 So.2d 690 (La.1981); Calogero v. City of New Orleans, 397 So.2d 1252, (La.1980); Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980). In order to determine if a party fits within the category of odd-lot workers, he must show that because of his physical impairment, mental capacity, education, training, age availability or employment in his area, and any other relevant factor, that he cannot perform any services other than those which are so limited to quality, dependability or quantity that a reasonable stable market for them does not exist. If this evidence is produced, the injured employee is entitled to total disability compensation unless the employer or his insurer is able to show that some form of suitable work is regularly and continuously available to the employee within reasonable proximity to his residence. An offering of such proof by the injured employee presents a prima facie case for classification in the odd-lot category. Oster, supra; Lattin, supra; Wilson, supra.
In the instant case, appellant provided no evidence that would place him in the category of odd-lot workers. Appellant never reported to work or attempted to do any kind of work after initially being discharged by Dr. Mahey on July 31, 1980. There is no evidence that he could not have performed his old duties or any other duties. Appellant’s entire claim is based on his continued complaints of pain, which complaints are not substained by objective medical findings. A party will not be held to be disabled within the meaning of the Workmen’s Compensation Act solely because he suffers some residual pain and .discomfort following a work-connected injury. This residual pain and discomfort will be considered disabling only if it is substantial or appreciable and only where there is sufficient evidence to substantiate the complaints of pain. As Chief Justice Dixon stated:
“The claimant who alleges disability because of inability to perform his usual and regular duties without substantial or appreciable pains must establish the existence of that condition to a reasonable certainty and by a fair preponderance of testimony.” Dusang v. Henry C. Beck Builders, Inc., 389 So.2d 367, 369 (La.1980). See also, Ball v. American Marine Corporation, 159 So.2d 138 (La.1964); Glidden v. Alexandria Concrete Co., 137 So.2d 894 (La.1962).
*259 In applying this analysis to the present case we find no objective evidence of appellant being in the odd-lot category, or that he is suffering from substantial or appreciable pain. There are no objective measures by which any of the examining physicians could say that the appellant suffered the substantial and appreciable pain of which he complained. It is apparent from a careful review of the record and a reading of the trial court’s reasons for judgment that in considering all the evidence, the court found that the plaintiff’s continued pain was psychosomatic rather than actual and that plaintiff was exaggerating his pain. We agree with the trial court.
After being released by Dr. Mabey on July 31, 1980 and told he could return to work, appellant consulted Dr. Paul Reyes, a general surgeon and his primary treating physician. His injuries were diagnosed as cervical and lumbo sacral sprains and contusions to the right lower ribs. Dr. Reyes testified that his findings were minimal, subjective and without muscle spasm. Dr. Reyes continued to treat appellant only because of his subjective complaints of pain. On December 9, 1980 for some unknown reason, appellant’s condition worsened. Dr. Reyes was unable to relate these changes to the original injury. Nevertheless, he continued to treat appellant until February 19, 1981. Dr. Reyes testified that the type of injury appellant sustained should have greatly improved within 12 weeks from the date of the injury. He continued the treatment for pain but believed the complaints were caused by a psychological problem. He further concluded that appellant did not have any permanent or temporary disability-
In January of 1981, appellant was examined by Dr. J. Ollie Edmunds, an orthopedist. At this time he complained of low back pain, stiff neck, pain in his shoulder and pain in both legs, especially his right leg. Dr. Edmunds noted, however, that appellant limped on his left leg which was confusing, to say the least. Because of appellant’s complaints, however, Dr. Ed-munds made a tentative diagnosis of suspected nerve root compression, lumbar disc and neck strain. Further diagnostic studies were necessary but appellant was not seen again until May 31, 1981.
In March of 1981, appellant was examined by Dr. L. Thomas Cashio, an orthopedist. Dr. Cashio found no objective findings of injury and concluded appellant was not injured and could return to work without any disability of limitation.
In May of 1981, appellant underwent a series of extensive tests at the Tulane Medical Center which included X-rays, bone scans, a CAT scan, venogram and myelo-gram. All were normal. The conclusion by the examining physician was that there was nothing mechanically wrong with appellant and that there was no anatomical basis to justify his subjective complaints of pain.
In September of 1981, appellant was worked up by Dr. Ronald E. Richardson, a neurosurgeon. Appellant’s examination was completely normal. Dr. Richardson concluded there was no reason for appellant’s complaints of pain and that appellant could return to work. He recommended that appellant be hospitalized one month in the Mercy Hospital Pain Clinic to teach him how to cope with his complaints.
During appellant’s entire treatment period the only positive findings were positive straight leg raising tests given by Dr. Reyes and a positive EMG test given at the Tulane Medical Center. In each case, in the judgment of the treating physicians, these tests were inconclusive and were not related to the injuries he received on the job nor were they the producing cause of any disability.
The overwhelming medical evidence supports the conclusion that appellant does not have any disability or permanent incapacity resulting from the accident. Although we agree that the trial court’s award was very liberal, in the absence of any manifest error we will not disturb the award.
For the reasons above, the judgment of the trial court is affirmed.
AFFIRMED.