GAUDIN, Judge.
This workmen’s compensation case was instituted in the Twenty-Fourth Judicial District Court by Michael S. Fancher following a serious ankle injury. The trial judge found permanent disability, classifying Fancher as an “odd lot” employee, and it is from this judgment that Fancher’s employer has appealed.
Fancher, in turn, asks for attorney fees and statutory penalties, which were not awarded in the district court.
Comparing the facts and circumstances of this proceeding with Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980); Calogero v. City of New Orleans, 397 So.2d 1252 (La.1980); Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981), and other “odd lot” and “working in pain” decisions, we cannot say that the appealed-from judgment was clearly erroneous in any respect, and we affirm it.
*966 PANCHER’S INJURY
Fancher, whose profession was installing overhead commercial doors, sustained a comminuted fracture of the left ankle. “I was working on a door, repairing it,” he said, “and the door malfunctioned and I was knocked off of a ladder.. .”
Following surgery and the placement of four permanent screws in his ankle, Fancher developed tarsal tunnel syndrome, which is numbness caused by scar tissue adjacent to nerves, and Sudeck’s atrophy, the loss of calcium in the ankle bones, causing brittleness. These conditions are permanent.
Nonetheless, Fancher was employed at the time of trial, averaging approximately 36 hours of less strenuous work than he did prior to the injury. About half of his work is supervisory in nature, he said, and he has a sympathetic employer who is aware of his physical limitations.
Fancher was asked if he worked in pain, and this colloquy followed:
THE COURT:
How much pain do you suffer?
THE WITNESS:
Quite a bit, especially toward the end of the day.
THE COURT:
Does the pain interfere with your doing your work?
THE WITNESS:
Yes, sir. It does.
THE COURT:
In what way?
THE WITNESS:
I can’t climb a ladder like I should and I can’t pick up weights that I should be picking up. Materialwise, if I have to climb up steps with any material, that is almost impossible.
THE COURT:
Is the pain intermittent or constant?
THE WITNESS:
It does not always bother me in such a way that it is unbearable, but most of the time, toward the end of the day, is when I really feel that it bothers me the most. Depends on what my work day has been like. If it’s a light day, then it’s better, but if it has been a' heavy day, then it gets worse.
In his “Reasons for Judgment,” the district judge said:
“The Court accepts as true the controverted testimony of petitioner to the effect that he cannot perform the more rigorous duties associated with his present trade (i.e., door hanging) and that he is presently able to hold his job in large part due to a sympathetic boss and a helper who goes beyond his normal duties to assist petitioner because of his condition...
“The Court is satisfied that petitioner herein has established that he is presently working in substantial pain. The Court is also satisfied that petitioner has established a prima facie case that, because of this pain and the significant restrictions upon the scope of his activities which the injury and resultant pain has placed upon him, and further because of petitioner’s limited education and training, a reasonable stable job market does not exist for his services...”
The record fully supports these conclusions.
THE “ODD LOT” EMPLOYEE
The so-called odd lot theory was stated in Oster, supra:
“Simply stated, this doctrine is that a claimant may be considered totally disabled if, after his injury, he is considered an ‘odd lot’ in the competitive labor market, i.e., that he may be capable of holding various jobs from time to time, but that the kind of work he may perform is so limited in quality, dependability or quantity that a reasonably stable market for that work does not exist...
“... the essence of the ‘odd lot’ doctrine ... is the probable dependability with which claimant can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck or the superhuman efforts of the claimant to rise above his crippling handicaps...”
*967 Fancher has a 50 per cent permanent leg disability, and can no longer compete in the labor market as an installer of overhead commercial doors. He is relatively young — 33 years of age at time of trial— and determined to support his wife and three children, but could not pass any pre-employment physical examinations and could not keep a job requiring the leg stamina and strength of a healthy commercial overhead door installer.
The treating physician, Dr. Ira S. Kaufman, was asked whether Fancher’s medical condition would improve.
His response:
“I would expect it to get worse.”
ATTORNEY FEES, PENALTIES
Taking into consideration the fact that Fancher returned to work in October of 1979 and that compensation was not terminated until March 3,1980, we cannot say that the insurance company acted arbitrary, capricious or without probable cause. Thus, attorney fees and statutory penalties are not due.
CONCLUSION
Absent manifest error in factual determinations and evaluations of credibility of witnesses by the trial judge in a workmen’s compensation case, the judgment will not be disturbed upon review. Zimmerman v. United Machinery Corp., 208 So.2d 336 (La.App. 4th Cir.1968).
Clearly, Fancher fits the description of an odd lot worker and is entitled to permanent disability, although not to attorney fees and statutory penalties.
We therefore affirm the district court decree in its entirety.
AFFIRMED.