CUTRER, Judge.
Citizen King, on behalf of his minor son, *1287 Glenn Patrick King[1] filed suit for workmen’s compensation payments allegedly due Glenn as a result of injuries received when Glenn was struck by hot water and steam emanating from a pressure cooker while employed as a part-time helper at a Kentucky Fried Chicken outlet in Lake Charles, Louisiana.
This suit was filed against Insurance Company of North America, the workmen’s compensation carrier of Glenn’s employer. At trial it was stipulated that compensation payments had been paid at the correct weekly rate of $82.66 from the date of the accident to the date of trial, approximately 97 weeks, plus all medical expenses.
The sole issue presented to the trial court is the extent of the disability incurred by Glenn as a result of the injuries.
After trial, the trial judge handed down written reasons rejecting plaintiff’s demands. Judgment was rendered accordingly.
Plaintiff appeals contending that the trial court erred in failing to find that he was permanently totally disabled under the odd-lot doctrine or, in the alternative, plaintiff should be declared partially permanently disabled.
This court has recently enunciated the applicable law as to these issues in the following manner:

“A worker who is unable to return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Wilson v. Ebasco Services, Inc., 393 So.3d 1248 (La.1981); Dusang v. Henry Beck Builders, Inc., 389 So.2d 367 (La.1980). According to the odd-lot doctrine, an employee is entitled to compensation for total disability when he is rendered unable to perform any job or service for which a reasonable market exists. The term ‘any gainful employment', as used in the workmen’s compensation statute, is interpreted to mean any gainful occupation which, as a practical matter, affords the claimant an opportunity for employment. Wilson v. Ebasco Services, Inc., supra.

“A worker is partially disabled under LSA-R.S. 23:1221(3) when he cannot perform the duties required by his former employment but can still do other work. Scott v. Sears, Roebuck & Company, 406 So. 2d 701 (La.App. 3rd Cir.1981). Partial disability also includes the situation where a workman would experience substantial pain when working in his former occupation, but where he could perform other work without experiencing such pain. McBroom v. Argonaut Insurance Company, 370 So.2d 212 (La.App. 3rd Cir. 1979), writ denied, 371 So.2d 1342 (La.1979)- The determination of disability and the existence of substantial pain are questions of fact which may not be disturbed on appeal unless clearly wrong. Newell v. U.S. Fidelity and Guaranty Co., 368 So.2d 1158 (La. App. 3rd Cir.1979).”
Bernard v. Merit Drilling Co., 434 So.2d 1282, 1285-1286 (La.App. 3rd Cir.1983).
The trial judge handed down well written reasons for rejecting plaintiff’s demands. We have examined these reasons in light of the principles set forth in Bernard above and fully agree with the trial judge’s reasons which read as follow:
“Citizen King filed this suit on behalf of his minor son, Patrick Glenn King to recover workmen’s compensation benefits, penalties, interest and attorney’s fees. During the pendency of the lawsuit, Patrick reached his eighteenth (18) birthday and he has now been substituted as party-plaintiff. At trial it was stipulated that the accident in which Patrick was injured did occur in the course and scope of his employment as a part time kitchen helper and cook[1] at a Kentucky Fried Chicken Restaurant. It was also stipulated that workmen’s compensation benefits had been paid to the date of trial and all known medical expenses had also been paid. Therefore, the only issue for this *1288 court to determine is the extent and duration of any disability.

“At the time of his injury plaintiff was sixteen (16) years of age and a full time school student. Prior to the accident he was on the varsity football and track teams. He had also played in the school band. At the time of trial, plaintiff was a freshman at Southern University in Baton Rouge.

“On November 20, 1980, plaintiff was scalded by steam and heated water from a pressure cooker. His chest, abdomen and upper arms suffered first, second and minimal third degree burns. He was hospitalized for approximately one month and then released. He then continued his high school studies. During the 1981-1982 school year, Patrick played in the school’s marching band and participated in the physical education program. Both the band director and the physical education instructor testified that Patrick engaged in the same activities as the other students.

“After his return to full time classes, plaintiffs real problem was the scarring that resulted from the burns. In this connection, Patrick was treated by Dr. Louis Mes, a plastic and reconstructive surgeon in Lafayette, Louisiana. In December of 1981, Dr. Mes performed surgery to relieve a mild range-of-motion impairment caused by scars in the left arm pit. Patrick testified that the operation did not fully relieve his problem. Dr. Mes testified in his deposition that the surgery was successful and there was no residual functional impairment.

“At trial Patrick testified that while he has no physical impairment, the scars are sensitive to heat. He explained that heat causes the scars to itch. He has been applying coco butter and cortisone to the affected areas and this gives him some relief.

“Dr. Mes testified that plaintiffs scarring will tend to flatten out in time and will become less sensitive to heat. The doctor testified that a second operation to remove some of the scarring will reduce the area of sensitivity, however such an operation will leave surgical scars. Dr. Mes could not estimate prior to actual surgery how much a reduction he could make. He did say that the sensitivity would be reduced in direct proportion to the reduction of scarring, i.e., thirty per cent (30%) reduction of scars would produce a thirty per cent (30%) reduction of heat sensitivity. As the court appreciated Dr. Mes’ views, he was not recommending the second operation. The decision on whether or not to have the operation was left entirely to the patient.

“The Court concludes, after having heard the plaintiff and read the deposition of Dr. Mes that the claimant can physically perform just as well after the accident as prior thereto. The difference however is that exposure to heat causes an itching sensation. This has been described as a discomfort and an irritation. Also, plaintiff testified it was not constant. Plaintiff also testified that at time of trial he was working in the library at Southern University in air conditioned surroundings.

“Plaintiff contends he is totally and permanently disabled. In support of his position, he cites Cottonham v. Rockwood Insurance Company, 403 So.2d 773 (La.App. 3rd Cir.1981), [writ denied, 407 So.2d 732 (La.1981)] and Whittaker [Whitaker] v. Church’s Fried Chicken, Inc., 387 So.2d 1093 (La.1980).

“Cottonham dealt with a worker whose injuries left him permanently paralyzed from the waist down and in a state of constant disabling pain. Despite his paralysis, the claimant was able to return to his job, but worked in substantial and debilitating pain. The sole question before the Cottonham court was whether the claimant could be considered totally disabled in light of the fact that his disabling pain was caused by his paraplegia rather than by the duties of his employment. It is hardly surprising that the Third Cir
*1289
cuit affirmed the lower court’s total disability finding. The court, quite predictably, concluded that a worker who cannot return to any gainful employment without suffering substantial and debilitating pain must be considered totally disabled, even though he will suffer the same pain if he does not work at all. There is no evidence to indicate that Patrick King is suffering substantial and debilitating pain as shown in Cottonham.

“Although superficially similar to the instant case (the claimant was a sixteen-year-old janitorial worker at Church’s Fried Chicken who was severely burned' in an on-the-job accident) Whitaker, too, is inapposite. The medical evidence in that case established that the claimant suffered keloid burn scars which would worsen in time. The scars were described as ‘unstable, subject to irritation, infection, and ulceration, followed by additional scarring in a vicious cycle.’ He suffered severe disabling pain and constant discomfort. Moreover, his limited education (four years of grammar school) and limited intellectual capacity (clerical skills, reading comprehension, and the like were beyond his ‘meager abilities, ’) rendering him incapable of alternative employment. The Whitaker court concluded that the claimant had been rendered an ‘odd lot’ on the labor market and was, therefore, permanently disabled within the meaning of the act.

As the medical evidence shows, Patrick King’s scars are not keloids. They will not worsen over time. He has suffered none of the instability, irritation, infection, ulceration, or vicious cycle of additional scarring described in Whitaker. He suffers neither severe and disabling pain nor constant discomfort. He labors under none of the intellectual or educational restrictions described in Whitaker, and thus has not been rendered an ‘odd lot’ on the employment market. While plaintiff may have a mild potential environmental restriction regarding employment, the court concludes he is not disabled within the meaning of the workmen’s compensation act.”

1 His duties included cleaning up, taking out garbage, general janitorial tasks, cooking chicken and serving as general kitchen help.
We find that no manifest error was committed in denying the plaintiff any further payments under the workmen’s compensation statute, either under the theory of permanent total disability under the “odd lot” doctrine or for permanent partial disability. The plaintiff has been paid adequate compensation payments; he received approximately 97 weekly payments of $82.66, plus all medical expenses.
For these reasons we affirm the judgment of the trial court. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. Glenn King reached the age of majority before trial and was substituted as party-plaintiff.