YELVERTON, Judge.
Gladys Smith’s former employer, Oak Haven Nursing Home, and its worker’s compensation insurer, Ranger Insurance Company, appeal a judgment of total and permanent disability benefits awarded un *1063 der LSA-R.S. 23:1221(2), and penalties and attorney’s fees awarded under R.S. 22:658. The plaintiff, Mrs. Smith, answered the appeal asking for an increase in attorney’s fees made necessary by the appeal. We affirm the awards in plaintiff’s favor, and increase attorney’s fees by $750.
The injury occurred on August 29, 1982, when Mrs. Smith, a nurse’s aid at Oak Haven, hurt her back while lifting a patient. The parties stipulated that there was an injury on the job, and that the proper rate of benefits was $89.33 a week.
Benefits were paid from the time of the injury until January 9, 1983. Benefits were terminated on that date based on a report by her treating physician, Dr. Douglas A. Waldman, that said she was free of symptoms and could return to work. Mrs. Smith left her job in April 1983, complaining of disabling pain, but benefits were not resumed and brought up to date until March 1984, after suit had been filed.
At the trial the medical observations of two doctors were presented. The first, Dr. Douglas A. Waldman, saw the plaintiff eleven times between September of 1982 and July of 1983. His initial impression, based on a physical examination and X ray, was that the plaintiff had suffered a lumbar strain and an undisplaced greater tro-chanter fracture. After two more visits, he believed she was much improved, and on January 4, 1983, he returned her to full duty. In April, claiming that because of the pain she could not do the job, Mrs. Smith stopped working. She continued to see Dr. Waldman. She returned to work part-time on January 10. In July of 1983 this doctor discovered evidence of moderately severe osteodegenerative changes which apparently pre-existed the accident. He wrote in his final report, dated September 9, 1983, that plaintiff was unable to return to doing the heavy lifting necessary in nursing home work.
The deposition of Dr. Razza fully supports Dr. Waldman’s findings. Dr. Razza saw Mrs. Smith in January of 1983 and performed X rays. Based upon these X rays he diagnosed lumbar spondylosis with radiculopathy of the left lower extremity with traumatic exacerbation. He further testified that in his opinion Mrs. Smith was totally disabled from performing her duties as a nurse’s aide as this would cause her substantial pain. He felt the plaintiff could do no activity which involved lifting objects weighing more than 15 pounds or prolonged standing, squatting, stooping, bending or climbing.
The testimony of the plaintiff herself reveals that since the injury she suffered constant severe pain, radiating down into her left leg. She was unable to perform most of her household duties without the help of her daughter or husband. Mrs. Smith had returned to her job at Oak Haven on a part-time basis in January of 1983, but because of pain, was forced to leave again in April.
On these facts the trial court correctly awarded total and permanent disability benefits. A worker who cannot return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Lattin v. HICA Corporation, 395 So.2d 690 (La.1981).
Here the trial court expressly found that Mrs. Smith was unable to pursue any gainful employment without experiencing substantial pain. On appellate review, the trial court’s factual findings concerning work-related disability should be given great weight and should not be disturbed where the evidence before the trier of fact supports a reasonable factual basis for the trial court’s findings, unless clearly wrong. Culp v. Belden Corporation, 432 So.2d 847 (La.1983). The facts before the court below amply support a finding of substantial pain.
Substantial pain cases may also be analyzed within the framework of the odd-lot doctrine. Lattin, supra. Mrs. Smith had an eleventh grade education and possessed no vocational skills. Her only job before working at Oak Haven was as a food server in a cafeteria. These circumstances coupled with the finding of sub *1064 stantial pain, appreciably limited the type of work available to Mrs. Smith and her ability to compete in the labor market was greatly diminished. Thus, a prima facie showing of odd-lot status was made, and the defendants had to rebut this by showing that other jobs were realistically available to her within reasonable proximity of her residence. Lattin, supra.
The defendants produced testimony by Dr. George Hearne, an expert in vocational rehabilitation. His opinion was that the plaintiff could obtain employment as a cashier or as a delivery person for a florist or pizza parlor. According to Dr. Hearne there had been approximately 50 cashier openings in the Alexandria area in the past three months, and light delivery jobs were open periodically. Dr. Hearne felt that Mrs. Smith could perform these jobs within the restrictions set forth by Dr. Razza.
This court has held that one who can demonstrate that he is and will be in substantial disabling pain at all times should be found totally disabled regardless of what the defendants might show in terms of the availability of work. Cottonham v. Rockwood Insurance Company, 403 So.2d 773 (La.App. 3rd Cir.1981), writ denied 407 So.2d 732 (La.1981). Here the trial court’s finding that Mrs. Smith was unable to pursue any gainful employment without experiencing substantial pain was supported by the evidence and cannot be found clearly wrong. In light of this finding, “it matters not what the defendants might show in terms of the availability of work.” Cottonham, supra.
Defendants also complain of the finding that their conduct was arbitrary and capricious, and the consequent award of penalties and attorney’s fees. The benefits being paid to Mrs. Smith were terminated when she returned to work, on a part-time basis in January of 1983. No further benefits were paid until March 6, 1984, after suit had been filed, despite numerous occasions on which the insurer was informed of the plaintiff’s continued back problems and inability to perform her duties without substantial pain. The applicable law has been summarized by the Louisiana Supreme Court in the case of Johnston v. Ins. Co. of N. America, 454 So.2d 1113 (La.1984):
“An insurer is required to make a reasonable effort to ascertain an employee’s exact medical condition before benefits are terminated. Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983). If, subsequent to an initial optimistic report, an insurer receives medical information indicating continuing disability, the insurer may not blindly rely upon the earlier report to avoid penalties for arbitrary non-payment of compensation benefits. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.,1976). Penalties and attorneys’ fees are awarded when an insurer discontinues compensation benefits without probable cause. Guillory v. Travelers Insurance Co., 294 So.2d 215 (La.,1974). An insurer has a sixty day grace period before penalties and attorneys’ fees are assessed. LSA-R.S. 22:658.”
After Dr. Waldman’s optimistic report of January 4, 1983, the insurer received subsequent reports indicating continuing disability, as well as notice of the fact that Mrs. Smith was no longer working. Mr. McNeal, the claims adjuster, contacted the plaintiff and was told that her back problems rendered her unable to work. A medical report sent to the insurer by Dr. Waldman dated September 8, 1983, stated unequivocably: “I do not think she can return to doing the heavy lifting necessary in nursing home work.”
The insurer defends its failure to resume payment of compensation benefits on the argument that no demand for resumption of benefits was made until after suit had been filed. However, Mr. McNeal admitted receiving a letter in July of 1983 from Mrs. Smith’s attorney regarding her claim. This letter is not in evidence and there is no testimony as to the substance of the communication but in view of Mr. McNeal’s subsequent negotiations with the plaintiff’s attorney to reach a lump-sum settlement, there can be little doubt that the letter informed the insurer that the *1065 insured was asserting a claim for compensation under the policy. The demand for workmen’s compensation is required to be in no particular form, as long as it informs the insurer that the insured asserts a claim for compensation under the policy. Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977). An insurer has a 60-day grace period before penalties and attorney’s fees are assessed. LSA-R.S. 22:658, Johnson, supra. Ranger failed to update Mrs. Smith’ benefits until March of 1984. We can find no error in the trial court’s determination that this ease merits an award of penalties and attorney’s fees. The award of penalties and attorney’s fees in the amount of $3,000 is affirmed.
The appellee has asked for an increase in the amount of attorney’s fees for services made necessary by this appeal. We hereby amend the judgment to award an additional fee of $750.
For the foregoing reasons, the awards of total and permanent disability benefits, penalties, and attorney's fees in the amount of $3,000, are affirmed. Judgment is rendered increasing the award of attorney’s fees by $750 for services rendered on this appeal. To this extent the judgment is amended; in all other respects it is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.
DOMENGEAUX, J., concurs and assigns brief reasons.