498 So.2d 1158 (1986)
Melvin NOTTO, Plaintiff-Appellant,
v.
MORTON-NORWICH PROD. INC., et al., Defendants-Appellees.
No. 86-86.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*1159 John E. Conery, Franklin, for plaintiff-appellant.
Richard J. Petre, of Onebane and Assoc., Lafayette, for defendants-appellees.
Before LABORDE, KNOLL and KING, JJ.
KNOLL, Judge.
This worker's compensation suit was brought by Melvin Notto against his employer, Morton Chemical Company, and its insurer, R.L. Kautz & Company, for a knee injury he sustained during the course of his employment. The trial court rendered judgment classifying Notto's disability as permanent partial, awarding penalties and attorney's fees, but disallowed recovery of *1160 the medical expense charges of plaintiff's general practitioner, Dr. L.J. Dugas.
Notto appeals, contending the trial court erred in: (1) classifying plaintiff's disability as permanent partial rather than total and permanent under the odd-lot doctrine; and, (2) in disallowing the medical charges of Dr. L.J. Dugas and travel expenses incidental thereto. We affirm.
Notto was employed by Morton Chemical Company as a Chemical Operator I. On September 24, 1981, the plant foreman instructed Notto to blow-out a sulfuric acid line with a nitrogen hose. Notto climbed a ladder and attempted to hook the hose up, when sulfuric acid came out of the hose hitting him on the side of the face. The burning sensation caused Notto to fall on an iron grate floor injuring his right knee. Plaintiff underwent two knee operations as a result of the injury and received worker's compensation benefits until they were terminated on June 16, 1983.
Notto contends the trial court should have applied the odd-lot doctrine and classified his disability as total and permanent.
In its written reasons for judgment, the trial court stated:

"The medical evidence is clear that plaintiff is left permanently disabled, and it is the finding of this court that the disability is partial and that plaintiff has not met his burden of proving that he falls into the `odd lot' category as that term is enunciated in Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980)."

The odd-lot doctrine, under which an employee is considered an odd lot if he is capable of holding various jobs from time to time, but at type of work that is so limited in quality, dependability or quantity that a reasonable stable market for that work does not exist, should be employed as the guiding concept in determining permanent disability for purposes of awarding worker's compensation benefits. Oster, supra. The odd-lot doctrine is also applicable in substantial pain cases. Smith v. Ranger Ins. Co., 476 So.2d 1061 (La.App. 3rd Cir.1985). Applying the odd-lot doctrine in substantial pain cases is well stated in Lattin v. Hica Corp., 395 So.2d 690 (La.1981) as follows:
"The odd lot doctrine is also applicable to substantial pain cases because a worker who, due to his injury, can function only with substantial pain or with the help of fellow workers may not be considered a particularly desirable employee. Thus, if a claimant's pain appreciably limits the types of work available to him and greatly diminishes his ability to compete in the labor market, he can be treated as an odd lot worker and be awarded total disability, unless there is proof that jobs are realistically available to him. On the other hand, if a worker cannot perform the same work that he did before his injury because it causes him substantial pain, but he has the mental capacity to perform other jobs which are available, he should be considered partially disabled."
On appellate review, the trial court's factual findings concerning work-related disability should be given great weight and should not be disturbed where the evidence before the trier of fact supports a reasonable factual basis for the trial court's findings, unless clearly wrong. Culp v. Belden Corp., 432 So.2d 847 (La.1983).
Notto contends that because of his lack of training and substantial pain, he falls within the odd-lot doctrine and, therefore, his disability should be considered permanent.
The record shows that Notto is 27 years of age and has a high school degree. Although his previous work experience involved heavy physical activity, the medical testimony reveals that Notto is capable of performing light duty work. Dr. Michel E. Heard and Dr. G. Gernon Brown, Jr., orthopedic surgeons, testified that Notto was capable of performing work as a Chemical Operator I on a restricted basis with the use of a cane, and that Notto could do light work in a protected area. Dr. L.J. Dugas, Notto's family physician, testified that Notto *1161 was capable of performing several types of work, i.e., gas station attendant, work involving only ground floor activity, and some janitorial work. All were of the opinion that Notto could not perform his former duties but was capable of performing less stressful work which did not require climbing vertical ladders, repetitive bending, stooping, kneeling, heavy lifting, and working on uneven surfaces. Only Dr. Douglas A. Bernard and Dr. James C. McDaniel were of the opinion that Notto could resume his former job duties. Because Dr. Bernard saw Notto on two occasions before any surgery and Dr. McDaniel based his opinion on incomplete and inaccurate job physical activities description, the trial court disregarded their opinions.
Craig L. Feldbaum, Ph.D. testified that although Notto was at a competitive disadvantage because of his physical limitations, he could perform some type of general office clerk work. Jennifer Palmer, a vocational rehabilitation counselor, opined that Notto was qualified for some other semiskilled and unskilled employment. She further testified that there were a number of jobs in the area which Notto could perform and that these jobs were available on a frequently recurring basis.
Although Notto and members of his family testified that he experienced substantial pain in his knee, the medical reports do not support this complaint. The medical evidence overwhelmingly supports that Notto can perform lighter duties. Under these circumstances we cannot say the trial court is clearly wrong. Culp v. Belden Corp., supra.
The trial court expressly found that Notto was permanently disabled but not totally disabled. After carefully reviewing the record, we cannot say the trial court was clearly wrong in finding that Notto failed to meet his burden of proving that he fell into the odd lot category.
Notto further contends that the trial court erred in not allowing the medical charges of Dr. L.J. Dugas and the prescription medication and travel expenses incurred for his visits to Dr. Dugas and the drugstore. In order to require an employer or insurer to pay medical expenses there must be a showing that some form of medical treatment has occurred which was necessary and reasonable. LSA-R.S. 23:1203; Ducote v. Roy O. Martin Industries, Inc., 338 So.2d 1221 (La.App. 3rd Cir.1976); Turner v. J & J Wells Contractors, Inc., 396 So.2d 552 (La.App. 3rd Cir.1981), writ denied, 399 So.2d 620 (La.1981). Employers and their insurers are not liable for medical expenses incurred for purposes of litigation. Caldwell v. Exxon Corporation, 320 So.2d 319 (La.App. 4th Cir.1975). The record shows that Notto saw Dr. Dugas after a treating orthopedic surgeon, Dr. Heard, opined that no further treatment for his job related injury was necessary. Dr. Heard felt that over-the-counter pain medication was more appropriate at this stage of Notto's injury and refused Notto's request for prescribed medication. Notto then began seeing Dr. Dugas practically on a semi-monthly basis, and at his own and not Dr. Dugas' instance, essentially to obtain prescribed medication, counseling and comforting. Accordingly, the trial court found that Dr. Dugas' treatment does not constitute necessary and reasonable medical treatment as contemplated by the statute. The trial court is given wide discretion in its factual findings and in the absence of finding the trial court was clearly wrong, we cannot disturb its determination. Culp v. Belden Corp., supra. We cannot say the trial judge was clearly wrong in denying this medical expense.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, Melvin Notto.
AFFIRMED.