CHASEZ, Judge.
Plaintiff, Fred Dyson filed suit in forma pauperis against defendant, Travelers Insurance Company, seeking recovery of workmen’s compensation benefits as allowed under the Louisiana Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq., medical expenses up to the statutory maximum, statutory penalties and attorney’s fees, expert witness fees and all costs. Defendant answered denying liability to plaintiff by reason of payment of maximum compensation benefits from September 23, 1965, (Date of injury), until February 10, 1966 and payment of all medical expenses up to the latter date.
After trial on the merits, judgment was rendered in the Civil District Court for the Parish of Orleans in favor of the defendant against the plaintiff, dismissing plaintiff’s workmen’s compensation suit and condemning the defendant “to pay all costs of plaintiff”, all costs of court, and expert fees. Both plaintiff and defendant appealed the lower court’s ruling. Prior to argument before this court, plaintiff moved for dismissal of his appeal. The only issue before this court, therefore, concerns the defendant’s appeal. Defendant’s appeal concerns certain specific items enumerated in the judgment as “costs of plaintiff”. The *469 defendant does not contest the adjudication of expert fees, depositions, or court costs.
Plaintiff, Fred Dyson, sustained a back injury while working in the course and scope of his employment for Yo-Ro Engineering Company, defendant’s insured, on or about September 22, 1965. As a result of his back injury he was examined and treated by Dr. Pierre Espenan from September 23, 1965 through February 7, 1966; Dr. G. R. Gary on October 8, 1965, November 17, 1965, and January 5, 1966; and Dr. Richard W. Levy on October 20, 1965, January 19, 1966, and October 23, 1970. These doctors all felt that plaintiff was fully able to return to work as of February 10, 1966. Consequently, defendant paid compensation benefits totaling $700.00 which were discontinued on February 10, 1966. Defendant has also paid medical costs or expenses totaling $771.81 which resulted from the services of the three doctors.
Plaintiff testified that his back was still hurting, however, and as a result sought additional medical treatment from several other doctors. The bills of these other doctors and one bill from Touro Infirmary are the subject of the limited appeal taken herein by the defendant. Said bills at issue concern the examination and/or diagnostic treatment of the plaintiff. With the exception of one doctor, all the bills are for services performed on the plaintiff after February 10, 1966. Dr. Richardson examined the plaintiff on December 27, 1965 and performed a myelogram in July, 1966 at Touro Infirmary.
The trial court judge has assessed as costs $501.75, which represents the total amount of the various bills for services performed by the doctors and hospital which the plaintiff received subsequent to February 10, 1966.
Costs awarded in Workmen’s compensation cases are allowed, taxed and collected as in other civil proceedings. LSA-R.S. 23:1317. LSA-C.C.P. Art. 1920 provides for costs in civil proceedings and the procedure for taxing same. Quoted in part:
“Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” * * *
The jurisprudence in this State is settled in that the only costs taxable against a litigant are those provided for by positive law. Succession of Franz, 242 La. 875, 139 So.2d 216 (1962) ; Kommer v. Assenheimer, 174 So.2d 197 (La.App., 4th Cir. 1965).
The cost of medical examination and treatment are not proper costs taxable by the court. The services and bills so taxed are more in the nature of special damages than costs attributable to the trial of the case. The Louisiana Workmen’s Compensation Act allows for compensation of medical expenses upon proper showing, but such expenses are not costs within the meaning of LSA-C.C.P. Art. 1920. See LSA-R.S. 23:1203. We are convinced, however, by the testimony received in evidence, that these medical expenses were incurred as a result of plaintiff’s accident and are compensable under the Louisiana Workmen’s Compensation Act.
The expenses plaintiff suffered were for diagnostic services performed. Although the trial judge viewed the expenses as costs under LSA-C.C.P. Art. 1920, we are certain from the facts in the present case that, while they are not properly within the meaning of costs, they are compensable as necessarily attributable expenses resulting from plaintiff’s accident. Thus, despite an incorrect basis or label, the judgment appealed from reaches the correct result in awarding plaintiff the sum of $501.75 in dispute on this appeal. Accordingly, we affirm under the authority of LSA-C.C.P. Art. 2164 which provides, inter alia: “The appellate court shall render any judgment which is just, legal and proper upon the record of appeal.”
For the above and foregoing reasons the judgment appealed from is therefore affirmed.
Affirmed.