WATKINS, Judge.
Appellant, John Dickerson, seeks review of the trial court’s judgment awarding a 12% penalty on past due workmen’s compensation payments. It is appellant’s position that this penalty should be computed on all compensation payments which might be due in the future based on his life expectancy. Appellant also objects to the trial judge’s decision denying acceleration of workmen’s compensation payments pursuant to LSA-R.S. 23:1333.
The initial decision in this case was rendered November 2, 1978. In that decision, appellant was found to be totally and permanently disabled, and judgment was signed awarding Dickerson $85.00 per week during his total disability, a penalty of 12% and attorney’s fees plus interest. Thereafter, counsel for appellant filed another petition wherein he sought to have the compensation payments accelerated and the 12% penalty applied to all payments which might become due based on Dickerson’s life expectancy. Both of these demands were denied in a judgment rendered August 31, 1979. This appeal ensued. We affirm.
We find no merit in appellant’s argument that it was reversible error for the trial judge to render a decision, subsequent to the November 2,1978 decision, decreeing the 12% penalty to be due only on past due compensation payments. The penalty provision requires the employer to pay penalties and attorney’s fees only on the overdue sums and future payments are not overdue. Kilbourne v. Armstrong, 351 So.2d 802 (La. App. 1st Cir. 1977). Although the November 2 decision may have been ambiguous as to the amount on which the penalty was to be assessed, appellant cannot successfully seek an interpretation of that decision that is unsupported by statutory authority and contrary to the jurisprudence.
Neither do we find merit in appellant’s contention that compensation payments should be accelerated pursuant to LSA-R.S. 23:1333 due to appellee’s alleged failure to make compensation payments for six (6) successive installments. We find that the payments did not lapse for 6 successive installments and that the trial judge properly denied application of LSA-R.S. 23:1333. Dickerson’s employer paid these installments and marked each as payment for workmen’s compensation. Instead of recognizing these installments as compensation sums, appellant’s counsel chose to apply them to the entire amount of the judgment of November 2, 1978, including penalty and *469 attorney’s fees as determined and computed by appellant’s counsel. LSA-C.C. art. 2163 provides that:
“The debtor of several debts has a right to declare, when he makes a payment, what debt he means to discharge.”
Dickerson’s employer did make such a declaration. Therefore, the payments cannot be imputed to back due amounts and a 6-installment arrears was not created.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.