DOMENGEAUX, Judge,
concurring in part and dissenting in part.
While I agree with the majority’s opinion as it pertains to the plaintiff’s disability, I respectfully suggest that my colleagues err in concluding that the defendant insurer was arbitrary and capricious in terminating benefits in this case.
As the majority opinion states, the insurer based its decision to terminate benefits on Doctor Jones’ report of October, 1983. It states that this report “was clearly inconsistent with the previous reports of Doctor Bordelon, plaintiff’s treating physician, and the report of Doctor Coulter, who had examined plaintiff at defendants’ request.” The majority then makes the following conclusion: “In light of these conflicting opinions, defendants had a duty to make a further investigation in an effort to ascertain Mr. Gobert’s exact medical condition before terminating payment of compensation.” In my opinion this is not the correct test under our jurisprudence as it now stands, but rather, is an expansion of the duty an insurer owes when deciding whether continued benefits are due.
In Martin v. H.B. Zachry Company, 424 So.2d 1002, 1008 (La.1982), our Supreme Court stated that a “termination of compensation will not be held to have been arbitrary or capricious where the insurance carrier bases its decision to terminate on competent medical evidence.” I believe this to be the proper test in this case.
An exception to this general rule was stated in Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976). In Walker, the Supreme Court stated that “If subsequent to an initial optimistic report, an insurer receives medical information indisputably showing disability at a subsequent date, the insurer may not blindly rely upon the early report and solely on its basis support penalties for arbitrary nonpayment of compensation benefits indisputably due a disabled workman.” 340 So.2d at 988.
In Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983), the Supreme Court did place an affirmative duty to investigate upon an insurer prior to terminat *551 ing benefits given the facts in that case. Citing Salvador v. Slidell Industries, Inc., 415 So.2d 511 (La.App. 1st Cir.1982), the Supreme Court stated that it is “incumbent upon insurers to make a reasonable effort to ascertain an employee’s exact medical condition at the time benefits are terminated.” In that case the insurer had terminated benefits based only on videotapes of the plaintiff allegedly performing physical labor at various construction sites. The Court concluded that an insurer’s reliance on the videotapes in terminating the plaintiff’s benefits, while ignoring competent medical evidence of plaintiff’s disability, was arbitrary and capricious, since videotapes of the plaintiff were not reliable in determining the plaintiff’s true and complete condition.
In Salvador v. Slidell Industries, Inc., supra, the Court stated that “It is well settled in the law that injured employees may not be cut off of compensation benefits on the basis of inconclusive medical reports. It is incumbent upon insurers to make reasonable efforts to ascertain the employee’s exact medical condition at the time compensation benefits are terminated.” In Salvador, the Court concluded that the medical report upon which the insurer based its decision to terminate plaintiff’s benefits was inconclusive.
Neither Orgeron, supra, nor Salvador, supra, are apposite to the present case. Doctor Jones’s report of October 12, 1983, upon which defendant relied, was not inconclusive. In that report, Doctor Jones stated that the plaintiff’s symptoms and mild functional impairment should not be imputed to his exposure to phosgene. Doctor Jones also indicated that the plaintiff’s level of lung impairment would not be expected to preclude even strenuous levels of physical exertion. These statements are not inconclusive and, given Doctor Jones’s credentials as a pulmonary specialist, the insurer could rely on his report as being competent medical evidence indicating that the plaintiff was not disabled as a result of his exposure to phosgene and that he could return to work.
Neither do the facts of this case fall within the Walker rule. The optimistic report of Doctor Jones was not followed by medical information showing plaintiff’s disability at a subsequent date. In fact, the reports of Doctor Bordelon and Doctor Coulter preceded Doctor Jones’s October, 1983 report. Additionally, Doctor Borde-lon’s December 1, 1982 report indicated that plaintiff’s problem will resolve and that he is able to do light work. Doctor Coulter’s September 16, 1982 report described the plaintiff’s problem as “slight obstructive ventilatory insufficiency” and that its relationship to his exposure to phosgene was only possible. Given that these reports preceded Doctor Jones’ report, I would not find the defendants’ reliance upon Doctor Jones’s report to have been either arbitrary or capricious.
The facts of this case dictate that the proper standard governing the defendant’s conduct is the one enunciated in Martin, supra. Since the defendant received competent medical evidence in the form of Doctor Jones’ report, which conclusively indicated that plaintiff was not entitled to further compensation, the defendant was not arbitrary or capricious in terminating his benefits. Given the character of Doctor Jones’ report, the defendant did not have any further affirmative duty to investigate plaintiff’s condition.
For these reasons, I respectfully dissent from the majority’s affirmation of the award of attorney fees, and would reverse that part of the case.