JiDUFRESNE, Judge.
Plaintiff, Andrew Dufrene, was employed by defendant, Torch, Inc., as a crane operator. On December 30, 1992, while so employed, Dufrene was injured in an on-the-job accident, resulting in injuries to his legs, neck and back. At the time of the accident, Dufrene was operating a cherry picker crane when a problem with the boom caused the crane to tip over. Before the crane completely turned over, Dufrene jumped from the cab of the crane, approximately twelve to fifteen feet, landing on his feet and falling forward. Since the accident, Dufrene has also received weekly temporary total disability benefits in the amount of $293.33, based on an average weekly wage of $440.00 per week. On October 29, 1996, the temporary total benefits were reduced to supplemental earnings benefits in the amount of $124.80, based on jobs found within Dufrene’s physical restrictions.[1] When his benefits were reduced, Dufrene filed a disputed claim with the Office of Worker’s Compensation.
JjjThe matter proceeded to trial before the worker’s compensation judge on November 5, 1997. At the conclusion of the proceedings, the court took the matter under advisement, giving the parties time to file post-trial memorandum. After considering the evidence presented, the judge, on December 12, 1997, ruled as follows:
IT IS HEREBY ORDERED that the claimant, Andrew Dufrene, was injured during the course and scope of his employment with Torch Incorporated, on December 30,1992.
IT IS FURTHER ORDERED that temporary total disability benefits were appropriately paid to claimant from December 30,1992 to June 6,1997.
IT IS FURTHER ORDERED that claimant is entitled to supplemental earnings' benefits from June 7, 1997 to the present and continuing, in the amount of Two Hundred Ten Dollars and Sixty Cents ($210.60) per week based on the hourly minimum wage job of Five Dollars and Fifteen Cents ($6.15) per hour for a forty-hour work week.
IT IS FURTHER ORDERED that the change of benefits by defendants to supplemental earnings benefits was in accordance with the law.
IT IS FURTHER ORDERED that the videotape surveillance is inadmissible evidence for the reasons dictated into the record at trial.
IT IS FURTHER ORDERED that the defendant, Torch Incorporated, has not been arbitrary or capricious.
IT IS FURTHER ORDERED that judgment will be rendered in favor of defendant.
On December 19, 1997, Dufrene filed a motion for new trial, alleging that the judgment was clearly contrary to the law and evidence. In the memorandum in support of this motion, Dufrene requested that the December 12,1997 judgment be set aside and a new trial granted, or that the court amend its judgment and grant him supplemental earnings benefits from October 29, 1996 rather than June 7, 1997, and based on an average weekly wage of $6.32 per hour. This motion was scheduled for shearing on January 30, 1998. Thereafter, on January 12, 1998, Torch filed a motion for appeal from the December 12, 1997 judgment, which was granted by the judge.
On January 30, 1998, Torch filed a motion and order to correct and amend judgment. In this motion, Torch requested that the court amend the judgment to correct a miscalculation of the supplemental earnings benefits awarded by the court and to properly reflect the date the defendants reduced the temporary total disability benefits to supplemental earnings benefits. The judge apparently considered this motion, as well as the motion for new trial, on January 30, 1998. The minute entry from that date indicates that a hearing on plaintiffs motion for new trial was not held; that the attorneys were present; and that a consent judgment was to be prepared. On February 16, 1998, Du-frene filed a notice of appeal, expressing his *440 desire to seek review of the amended judgment rendered on February 20, 1998. Thereafter, on February 20, 1998, the court issued the following amended judgment:
This matter came for hearing on January 30,1998[on] a Motion for New Trial by the claimant and a Motion to Correct and Amend the Judgment by the defendants. After considering the motions, memoranda submitted by the parties, the pleadings, argument and law, and by agreement of all the parties only to correct the form of the judgment, as intended by the court, the Court issues an Order as follows:
IT IS ORDERED that the Motion for New Trial is denied as not allowed under the Hearing Officer rules;
IT IS ORDERED that the Motion to Correct and Amend the Judgment is granted as follows:
That the second paragraph of the judgment rendered on December 12, 1997 concerning the trial on the merits of November 5, 1997 is to be corrected, as intended by the judge, to read in its entirety as follows:
|4“IT FURTHER ORDERED that temporary total benefits were appropriately paid to claimant from December 30, 1992 to October 29,1996; further that the claimant is entitled to temporary and total benefits from October 29, 1996 to June 7, 1997.” That the third paragraph of said judgment is to merely correct the miscalculation of the supplemental earnings benefits, deleting “$210.60” and replacing it with “$156.07”, to read in its entirety, as intended by the judge as follows:
“IT IS FURTHER ORDERED that claimant is entitled to supplemental earnings from June 7, 1997 to the present and continuing in the amount of one hundred fifty [six] dollars and seven cents ($156.07) per week based on the hourly minimum wage job of Five Dollars and Fifteen Cents ($5.15) per hour for a forty-hour work week.”
On February 20,1998, the court granted Dufrene a devolutive appeal from the amended judgment. It is in this posture that the case is presently before this court. On appeal, both parties are listed as appellants, Torch as appellant number one, and Dufrene as appellant number two. However, only counsel for Torch has filed an appellate brief. We now address the issues raised in that brief.
In the first assigned error, Torch argues that the hearing officer erred in holding that Dufrene was entitled to total temporary disability benefits from October 29, 1996 through June 7, 1997. At trial, the parties stipulated that Dufrene was paid a weekly indemnity rate of $293.33 for temporary and total disability benefits until October 29, 1996, at which time he started receiving supplemental earnings benefits in the amount of $124.80 per week. In the December 12,1997 judgment, the trial court ruled that temporary total disability benefits were appropriately paid to claimant from December 30, 1992 until June 6,1997. The judge, pursuant to a motion by defense counsel, subsequently amended the judgment to provide that Du-frene was appropriately paid temporary total disability benefits until |sOctober 29, 1996; the judge then ruled that temporary total benefits should be paid through June 7,1997. Torch now complains that the judge erred in holding that Dufrene was entitled to temporary total disability benefits from October 29, 1996 through June 7,1997.
LSA-R.S. 23:1310.8 A(l) provides in part that “[t]he power and jurisdiction of the workers’ compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified .... ” [emphasis added]. In the present case, modification to the judgment was made without a hearing. In fact, the minute entry indicates that some sort of consent judgment was reached, the details of which are not known as there is no transcript. Accordingly, we vacate the judgment of February 20, 1998 and remand the matter for a contradictory hearing as mandated by LSA-R.S. 23:1310.8 A(l).[2]
*441 In the second alleged error, Torch complains that the hearing officer erred in not reducing the amount of supplemental earnings benefits based upon jobs available to Dufrene within his physical restrictions in 1996. Torch further asserts that the amount of supplemental earnings benefits being paid was incorrectly calculated and should be corrected to reflect the wages available to Du-frene, rather than the minimum wage offset of $5.15 based on a forty hour work week, as calculated by the judge. Torch requests that the supplemental earnings benefits award be reversed and amended to read $124.80 per week, payable on a monthly basis, rather | ¡¡than $156.07 per week. Since we vacate the amended judgment, we find it unnecessary to presently address this issue. However, we do feel compelled to note that Torch specifically requested the judge to correct the calculation in the December 12, 1997 judgment to provide weekly supplemental earnings benefits in the amount of $156.00, based on the $5.15 minimum wage jobs. Torch is now complaining because the judge did what was requested and apparently agreed to by the parties. Given these circumstances, even had we not vacated the amended judgment, we find that Torch would be precluded from raising this issue on appeal.
In the third specified error, Torch complains that the hearing officer erred in excluding from evidence two surveillance videotapes of the claimant, when thé tapes were provided with notice, and were relied on at trial.
At trial, Torch wanted to introduce the unedited version of the surveillance videotape, as well as a summary tape of the surveillance. These tapes apparently showed Dufrene engaging in various activities and ambulating without difficulty. Prior to trial, the judge ruled that the videotapes were admissible for impeachment purposes. However, at the beginning of trial, both parties stipulated to the admission of the videotapes for all purposes. During the course of the trial, it was discovered that the videotapes provided to plaintiffs counsel were incomplete. At that time, Dufrene’s attorney requested to withdraw his stipulation regarding the introduction of the videotapes and moved to exclude those tapes from evidence. The judge allowed plaintiffs attorney to withdraw his stipulation to the admissibility of the tapes and thereafter ruled that the tapes were inadmissible. Torch now complains that the worker’s compensation judge |7erred in excluding the videotapes.
The Louisiana Supreme Court previously noted, in the context of a worker’s compensation case, that “evidence in the form of moving pictures or videotapes must be approached with great caution because they show only intervals of the activities of the subject, they do not show rest periods, and do not reflect whether the subject is suffering pain during or after the activity.” Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983).
The determination of whether motion pictures or videotapes are admissible is largely within the discretion of the trial court. Determination of the admissibility into evidence of videotapes must be done on a case-by-case basis depending on the individual facts and circumstances of each ease. Bolden v. Jeffrey’s Steel Co., Inc., 96-518 (La.App. 5 Cir. 12/11/96), 684 So.2d 1102, writ denied, 97-0418 (La.3/27/97), 692 So.2d 399.
In the present case, we find no abuse of discretion in the trial court’s exclusion of the videotapes based on the fact that they were incomplete and that “accurate portrayals of what transpired were not provided to all parties in a timely manner.” Moreover, the judge’s exclusion of this evidence obviously had no impact on her decision as she ruled in favor of defendant finding that plaintiff could, in fact, return to some type of employment. Accordingly, the issues raised by Torch in regards to the exclusion of the videotapes lack merit.
In the final assigned error, Torch suggests that, in the event this court affirms the judgment of the trial judge, the worker’s compensation insurer would be entitled to an offset due to the claimant’s receipt of social security disability benefits. The issue of an offset *442 was never addressed in |8the proceedings before the workers’ compensation judge. Since we remand the case, defense counsel will have an opportunity to raise the issue of an offset at that time if deemed appropriate.
Based on the foregoing discussion, we vacate the February 20, 1998 amended judgment and remand the matter for further proceedings consistent with this opinion, reserving to the parties their right to appeal.

JUDGMENT VACATED, REMANDED FOR FURTHER PROCEEDINGS.

. Since the accident, Torch, through its insurer, has paid all appropriate indemnity and medical benefits amounting to over $106,000.

. LSA-R.S. 23:1310.8 C provides that "[tjhis section shall not apply to the calculation of the *441 monthly benefit amount pursuant to R.S. 23:1221(3).”